Opinion op ti-ie Court,
by Ch. J. Boyle.
THIS is a writ of error sued out by the defendant to reverse a judgment for the plaintiff in an action by petition and summons.
The only error relied on, is, that there was no summons served on the defendant in the circuit court, “¡j; being served upon Joseph Irvine, and not upon Samuel Irvine.” In point of fact, this error appears from the original manuscript filed in this case, to be true; but since suing out the writ of error, the sheriff has been permitted by the circuit court to amend his return on the original summons, so as to change the Christian name of Joseph, into that of Samuel, and this amendment has been certified to this court by the clerk of that court, i” obedience to a writ of certiorari. If the amendment of the return by the sheriff was permissible, therefore, the error assigned is removed, and that it was permissible, we have no doubt.
It is every days’s practice to permit such amendment, and the practice is sanctioned by immemorial usage, as well as by the express provisions of the statutes of amendments. See 2 Dig. L. K. 682-3.
But it is contended, if the judgment be affirmed, that the plaintiff in error should recover his costs, or at least should not be made to pay costs, inasmuch as the error has been corrected by an amendment made since the emanation of the writ of error. To this, it *71 is a sufficient answer, that the court has no discretion upon the subject; for the law imperatively requires costs to be given to the defendant or appellee, where the judgment is affirrmed. Besides, the plaintiff in error must have known that the process had been served on him, and ought to have known that the error of the sheriff in making his return was amendable, and of course the costs incurred must be ascribed to his own folly, in unnecessarily prosecuting the writ of error.
The judgment must, therefore, be affirmed with costs.