### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR

## THE COUNTY OF COOS, JULY TERM,

### A. D. 1829.

## E. H. MAHURIN *versus* ADINO N. BRACKETT.

An officer, having an execution in a case where bail had been given, returned that he had given notice to the bail but omitted to make a return of *non est inventus* as to the principal—it was held that the officer might be permitted to amend his return, and insert a return of *non est inventus* in order to charge the bail.

In *scire facias* against bail, it is no defence that the name and place of abode of the bail were not endorsed upon the execution which issued against the principal.

THIS was a *scire facias* sued out on the 25th January, 1828, against the defendant, as bail of James Batchelder, junior, and returnable to the court of common pleas here, March term, 1828. At the July term of the common pleas, 1828, judgment was rendered in favor of the defendant, from which judgment the plaintiff appealed to this court.

The cause was submitted to the decision of the court upon the following facts.

The defendant became bail for Batchelder, in a suit brought against him by Mahurin in which judgment was rendered in favor of Mahurin, in the court of common pleas, March term, 1827, for $84,76 debt, and $9,54 costs. An execution issued on that judgment, returna-

2

ble at the July term of the said court, 1827, at which term it was returned by the officer who had the same, with a return that due notice had been given to the bail, but without a return of *non est inventus*.

At the March term of the common pleas here, 1828, leave was given to the officer to amend his return, and in pursuance of such leave, a return of *non est inventus* was made by the officer, under the date of July 17, 1827. The execution which issued against the principal, as aforesaid, had not, at any time, any place of residence of the bail endorsed thereon.

It was agreed, that, if upon the above facts, the court should be of opinion that the plaintiff was entitled to recover, the defendant should be defaulted, otherwise the plaintiff to become nonsuit.

*Sheafe*, for the plaintiff.

*Bell*, for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J.   One of the questions in this case, is, whether the bail is discharged by the defect, which was originally in the officer's return upon the execution against the principal ?   The return has been amended in the court below, and the defect cured, so that the return is now in due form.   But still the question is raised, whether the bail is not discharged, notwithstanding the amendment ?   It is unnecessary to enquire, what would have been the effect of the amendment, had it been improperly permitted in the court of common pleas ; because we are of opinion, that, under the circumstances, it was fit and proper, that the amendment should be made.   Leave to amend is granted, or withheld, by courts in the exercise of a sound discretion. Bail stand, in this respect, on the same ground, as other persons.   There are cases, in which an amendment will not be permitted, to the prejudice of bail.   Thus in *Morrell* v. *Pixley*, 12 Johns. 256, leave to amend a bail piece was refused, the bail having been prevented from surren-

Mahurin
*v.*
Brackett.

dering the principal by the mistake, which was sought to be cured by the amendment. But, in general, defects in the proceedings, which relate to bail, may be amended, as in other cases. 1 Bing. 206, *Christie* v. *Walker*; 1 Taunt. 221, *Mann* v. *Calow*.

We see nothing in this case, which indicates, that the bail is in any worse situation, than he would have been, had the return been originally correct; and are of opinion, that he cannot now be permitted to avail himself of any defect, which may have existed in the return, before it was amended.

It has been argued, on the part of the defendant, in this case, that the omission to make the return of *non est inventus*, discharged the bail, because his liability depended upon such a return. But the liability of bail is founded, not upon the return, but upon the breach of a contract, that the principal shall not avoid. It is true that bail cannot be charged without such a return, but this is because the statute has made a return the only admissible evidence of the avoidance. The omission to make the return, then, in this case, left no defect in the essential grounds of the liability of the bail, but a defect in the proof. And we think, the officer was properly permitted in the court below to supply this defect by an amendment of his return.

Another question, raised in this case, is, whether it was necessary, in order to charge the bail, that his name and place of abode should have been endorsed on the execution against the principal? This question seems to have been raised under the supposition, that the statute requires the name and place of residence of the bail to be endorsed upon the execution which issues against the principal. But this is not the case; the statute of June 23, 1818, section 2, enacted, "that the creditor in any civil action intending to charge the bail in such action, shall deliver his execution to an officer with the name or names, place or places of residence of the

person or persons who became bail in such action," &c. In practice, we have no doubt it has been usual to endorse the name and place of residence of the bail upon the execution.    But the statute does not require this, and we see no reason why, if the name and residence of the bail be handed to the officer on a separate paper, it would not be as well as if endorsed upon the execution. And it seems to us, that, even if the plaintiff had failed altogether to comply with this requisition of the statute, it would furnish no ground of defence to the bail, provided the officer gave him the notice, which the statute requires to be given.

*Judgment for the plaintiff.*