## WATKINS ET AL v. GAYLE, USE, &c.

1. A writ issued against several, which was returned "executed," as to all; after a judgment by default was rendered, the sheriff *mero motu* amended his return, so as to make it appear that the writ was executed on one of the defendants, and returned *non est inventus* as to the others. *Held*, that the erasure of the sheriff's amendment by the Court to which the suit was brought was, under the circumstances, allowable.

WRIT of Error to the County Court of Sumter.

A writ was issued at the suit of the defendant in error against the plaintiffs, founded on a promissory note, and was returned "executed." The plaintiff below declared against all the defendants, and a judgment by default was rendered against them. After judgment, and at the same term, an entry was made as follows: "It appearing to the Court in this case, that the sheriff has, since the judgment, amended his return, so as to change and materially alter said judgment; upon motion of plaintiff's counsel it is ordered by the Court, that the sheriff cannot alter and amend his return so as to disturb the judgment in this case, and that said amended return be erased." The amendment made by the sheriff went to show that the

writ was executed on Needham Watkins only, and that his co-defendants were not found.

REAVIS, for plaintiff in error. A sheriff may amend his return at any time, according to the truth. [Moreland v. Ruffin, Minor's Rep. 18; Brandon v. Snow & Cunningham, 2 Stew. Rep. 255, Hefflin v. McMinn, 2 Stew. Rep. 492; Philips v. Smith, 1 Str. Rep. 139; see also 11 Mass. Rep. 477.]

The writ being executed on one of the defendants only, it was irregular to take judgment against the others; and the judgment should have been corrected, so as to conform to the sheriff's return, instead of vacating the amendment made by him. [Smith & Howell v. Winthrop, Minor's Rep. 425; see also 3 Stewart's Rep. 134; 9 Porter's Rep. 425; 2 Ala. Rep. 164.]

STEELE & METCALF, for the defendants. The amendment made by the sheriff to his return was properly erased. All the cases cited by the counsel for the plaintiff in error, show that such amendments are allowable only for the purpose of sustaining judgments, or acts done, but never where the effect is to annul judgments, or injuriously affect the rights of others. It is discretionary with Courts either to allow or refuse amendments, and an appellate Court will not revise any decision in regard to them. [9 Porter, 687; 1 Harris & J. 471; 3 Cow. 44; 4 ib. 455; 1 Caine's, 9; 1 John. Cases, 410; 1 Peters 139; 5 Cranch, 15; 6 Taunt. Rep. 19; 2 Peters' Con. Rep. 175, 347; 11 Wheat. 280, 302; 3 Greenleaf, 183, 219; 9 Wheat. 576; 2 S. & Rawle, 29; 1 Binney, 369; 2 Wash. 203; 6 Cranch, 206; 3 Peters, 12; 10 Conn. 400; 13 Mass.; 4 Dev. 492; 4 Conn.; 2 Stew. 492; Minor, 18; 2 Stew. 255; 1 Strange, 139; 11 Mass. 477.]

COLLIER, C. J.—It does not appear that either of the defendants sought to have the sheriff's return corrected, but the amendment was made by him *mero motu*, and without leave of the Court, after a judgment had been rendered in favor of the plaintiff, upon the hypothesis that the return, as indorsed upon the writ, was not according to the truth. Under such circumstances we think the amendment was properly rejected.

By certifying the execution of the process, the sheriff prevented the plaintiff from taking measures to bring in the parties who were not served, induced him to declare against all who were sued, and to take a judgment by default accordingly. The effect of an allowance of the amendment would have been to make the judgment erroneous, and consequently subject to reversal; and, perhaps, as no *alias* writ was sued out previous to the trial term, as to the defendants not served with process, the cause would be discontinued, and in order to bring them in, it would be necessary to submit to a nonsuit and commence anew. Policy, we think, requires that as sheriffs necessarily possess extensive powers, strict rules should be laid down for the direction of their official acts. And where inconvenience as great as that which would result from the mere carelessness or neglect of the officer, in this case, is occasioned, he should abide the consequences. [See Means v. Osgood, 7 Greenl. Rep. 146; Emerson v. Upton, 9 Pick. Rep. 167, and cases there cited.]

An application by an officer to correct his return of process, in general addresses itself to the discretion of the Court, to be allowed or denied according to circumstances. In such case the decision of the primary Court is conclusive, and not subject to revision on error. We have repeatedly held such to be the law, in respect to amendments of the process and pleading, and we cannot conceive a difference in principle between these cases and the present. [See also Mandeville et al v. Wilson, 5 Cranch's Rep. 15; Bailey v. Musgrove, 2 Serg. & R. 29; 3 Phil. Ev. C. & H. ed. 1094, and cases there cited.] Whether if the motion for leave to the officer to amend his return had been submitted by the parties not served with process, its allowance or refusal would have been discretionary with the Court, we will not undertake to determine.

We have only to add that the judgment is affirmed.