## WOODWARD v. HARBIN.

1. A sheriff may amend his return to a writ of *fieri facias* issued at the suit of an indorsee against the maker of a promissory note, so as to make it conform to the statute, although several years have elapsed, an action been commenced against the indorser, and a declaration filed, alledging that the return was such as it is made by the amendment; and the amended return will have a retrospective relation, and be evidence for the plaintiff on the trial against the indorser.

2. It will not be intended, in the absence of all proof, (even against a party demurring to evidence,) that a sheriff returned an execution placed in his hands, before the time when, by law, it was returnable.

---

Note.—This case was decided at the June term, 1841, but, being mislaid, was not published in its proper place.

Woodward v. Harbin.

3. In an action by an indorsee against an indorser, the latter need not plead in abatement that the suit was commenced before an execution against the maker was returned : the *general issue* throws upon the plaintiff the burthen of proving that fact, and the law makes it a prerequisite to his right to recover.

THE defendant in error, as the indorsee of a promissory note made by Thomas J. Ewing, brought an action of assumpsit in the Circuit Court of Talladega, against the plaintiff, his immediate indorser.

In the declaration it is alledged that suit was brought against Ewing in the Circuit Court of Lowndes, to the term of that Court holden on the first Monday after the fourth Monday in March, in the year 1837; being the first Court to which suit could be brought, after the maturity of the note. That judgment was recovered at the next succeeding term, for the amount of the note, with interest and costs; and immediately thereafter, a writ of execution was issued for the collection of the same, which, on the 20th day of October, 1837, was placed in the hands of the sheriff of Lowndes to execute and return; and the sheriff did afterwards return the same *nulla bona*, or no property found. The declaration then alledges the liability of the defendant in the usual form.

The defendant pleaded *non assumpsit* and several other pleas, which, as no reference is made to them in the opinion of the Court, they need not be here particularly noticed. At the trial the defendant below demurred to the proof adduced on the part of the plaintiff—

*First*—Because it was shown by the record, that the sheriff of Lowndes returned the execution against Ewing *nulla bona,* and more than two years after the commencement of this suit, was permitted by the Circuit Court of that county to amend his return, by substituting therefor the return of "No property found."

*Second*—Because the writ of execution against Ewing was returnable on the first Monday after the fourth in March, 1838, and neither the original, nor the return made *nunc pro tunc,* are dated, or were proved to have been made at an earlier day, yet the present suit was brought at least eight days before the time designated for its return.

The Court overruled the demurrer, and judgment being ren-

dered for the plaintiff, the defendant has sued a writ of error to this Court.

W. P. CHILTON and STONE, for the plaintiff in error.
MOODY, with whom was S. P. STORRS, for the defendant.

COLLIER, C. J.—By the second section of the act of 1828, "defining the liability of indorsers, and for other purposes," as explained by the act of 1829, it is enacted, that where any contract in writing, for the payment of money, &c. save and except such as is governed by the law merchant, shall be assigned, suit thereon, shall be brought to the first Court of the county where the maker resides, to which the writ can properly be made returnable. *And further,* that when a judgment shall be recovered on any assigned or endorsed note, &c., and a writ of *fieri facias* shall be returned by the proper officer, "no property found," the assignee or indorsee may commence his action against the assignor or indorser, on the assignment or indorsement, and the return on the *fieri facias* shall be sufficient evidence of the insolvency of the maker, &c., to authorize a recovery against him. [Aik. Dig. 330.]

It is argued for the plaintiff in error, that although, in ordinary cases, it is competent for a Sheriff to amend his return upon process, so as to make it speak the truth, and his return, when amended, may relate back to the time when it should have been made, yet the amendment in the present case cannot have a retrospective relationship, because the statute makes the return of "no property found," a pre-requisite to the liability of the indorser. This argument cannot be maintained. Such a return is required by the statute as a means of proving the inability of the maker to pay the paper indorsed, and when made is conclusive to that point; but it is not less amendable *nunc pro tunc,* than is the return of a Sheriff to original or final process." That the latter may be amended, even after judgment rendered and a writ of error sued out, has been repeatedly adjudged; and when thus amended, the proceedings are legalized by relation.

In order to charge special bail by *scire facias,* the law requires that a *capias ad satisfaciendum,* shall be issued on the judgment recovered against the principal and returned *non est*

*inventus*, yet it has been held that a sheriff who had the *ca. sa.* in his hands before the issuance of the *sci. fa.* and returned it to the proper depository, might after the latter writ had issued indorse thereon his return of *non est inventus.* Such was the decision in Mahurin v. Brackett, [5 N. H. Rep. 9.] In that case the Court say, "It has been argued on the part of the defendant in this case, that the omission to make the return of *non est inventus*, discharged the bail, because his liability depended upon such a return. But the liability of bail is founded not upon the return, but upon the breach of a contract, that the principal shall not avoid. It is true that bail cannot be charged without such a return, but this is because the statute has made a return the admissible evidence of the avoidance. The omission to make the return, then, in this case, left no defect in the essential grounds of the liability of the bail, but a defect in the proof. And we think the officer was properly permitted in the Court below, to supply this defect, by an amendment of his return." A similar decision has been made in Kentucky. [Malone, Chiles & Co. v. Samuel, 3 Marshall's Rep. 350.] There the Court say, "the amendment made, must, we think, have relation to the time when the process was returned." These cases are strikingly analagous in principle to the one at bar, and are sustained by reasoning so cogent as to relieve us from a further examination of the first point in the cause. [See also Smith v. Daniel's Executors, 3 Murphy's Rep. 128.]

Second—By a statute of this State, it is made the duty of sheriffs "to return all writs and executions to the Clerk's office from which they shall issue, at least three days previously to the term of the Court, to which they shall be returnable." [Aik. Dig. 279.] Under this act, it has been held that although a sheriff is not bound to return an execution at a day earlier than it directs, yet he may at any time after its receipt return "no property found," and that such return will be evidence for an indorsee in an action against an indorser. [Reese v. White, at last term.]

Neither the first nor amended return of the sheriff of Lowndes show on what day the execution was returned, and no extrinsic proof was adduced to this point. The evidence adduced at the trial on the part of the plaintiff was demurred to, and

the Court were authorized to make every presumption against the party demurring, which a jury could legitimately have made.

It is clear from the evidence in this cause compared with the date of the writ, that the present action was brought at least eight days previous to the term when the execution against Ewing was returnable. The natural inference from this State of fact, and the only one which it seems to us could have been fairly made by the jury, is, that the sheriff of Lowndes returned the execution at the time he was required by law to do so. Such a return would be most usual and regular, and one made on an earlier day, would have been made on the sheriffs responsibility, and might possibly subject him to damages; especially if it should appear that the defendant in execution had property in his possession between the time of such return and the regular return day.

The reasonable inference, from the want of precise proof on this point, being such as we have stated, notwithstanding the defendant admitted by his demurrer, not only the facts proved, but all fair and legitimate deductions from them, he cannot be held to have admitted a fact not proved, and which cannot be legitimately deduced from the evidence.

But it was argued for the defendant in error, that the pleas on which issues were submitted to the jury being in bar, an objection that the suit was brought before the return of the execution could not have been entertained—had the plaintiff in error desired to object, that the action was prematurely brought, he should have pleaded in abatement. To sustain this argument the case of Jones v. Yarborough, at this term, has been cited. That was an action of assumpsit on a promissory note, to which the defendant, among other pleas in bar, pleaded the general issue. The writ bore test a few days previous to the maturity of the note, but the declaration correctly described the note, and it was only by a reference to the writ that the objection was discovered. We held, that the defendant having pleaded in bar of the cause of action alledged in the declaration, his pleas would not allow him to defeat a recovery by shewing that the |suit was brought before the cause of action accrued, that the pleas admitted the regularity of the proceedings. In the case at bar, the declaration necessarily puts in

issue the issuance and return of the execution against the maker of the note, before the commencement of the action. Proof of that fact was indispensable to the plaintiff's right of recovery under the state of the pleadings, which expressly negatived it. The case cited then, is unlike the present, both in its facts and the principle on which it rests, and the argument attempted to be supported by it cannot be maintained.

There being then, an entire absence of proof to show, that the execution against the maker of the note was returned before this suit was brought, or any thing in the record to warrant such a conclusion, the demurrer to the evidence should have been sustained by the Circuit Court. The consequence is, its judgment is reversed and the cause remanded.