## McGEHEE v. McGEHEE.

1. The Court will not permit the sheriff to amend his return, after judgment by default, so as to show that the writ was not executed, unless it were shown that irreparable injury would follow from permitting the judgment to stand, and then only upon terms which would not work a discontinuance. It does not vary the case, that the motion is made by the defendant.

2. Whether the remedy in such a case must not be sought by mandamus, if the Court below improperly refuses to permit the amendment—*Quere?*

Error to the Circuit Court of Lowndes.

HAYNE, for the plaintiff in error.

ORMOND, J.—After judgment rendered in the Court below, by default, the defendant moved the Court, to permit the sheriff to amend his return upon the writ, upon his suggestion, that it was returned, executed, by mistake, and that the writ had never been served on the defendant. The Court refused to permit the return to be amended, and the defendant excepted.

In Watkins v. Gayle, 4 Ala. Rep. 153, we determined that the sheriff had not the right to amend his return after a judgment, when the effect would be to make the judgment erroneous. Here, the motion was made by the defendant; but we do not perceive that the case is materially varied, by the substitution of tbe defendant, for the sheriff, as his consent could doubtless always be obtained. If it were shown that irreparable injury would be sustained, by permitting the judgment to stand, as for example, if it were made to appear, that the sheriff could not respond in damages, it would be the duty of the Court to set aside the return of the sheriff, upon such terms as would prevent a discontinuance of the action.

We have not thought it necessary to consider, whether error would lie in such a case as the present, or whether redress in a proper case must not be sought by *mandamus*, because we are satisfied, that the decision of the Court was correct.

Let the judgment be affirmed.