## McMICHAEL AND OTHERS v. THE BRANCH BANK AT MONTGOMERY.

1. A return made by the sheriff on an execution which issued in favor of the bank, "settled in bank," may be set aside on motion, upon proof that the return is false, and the judgment unsatisfied, and leave given to issue another execution.

Error to the County Court of Montgomery.

THE defendant in error, having obtained judgment against the plaintiffs in error, and issued execution, which was placed in the sheriff's hands, he returned it "settled in bank."

The bank moved the court to set aside this return, and for leave to issue another execution, and it being proved that the return was false, and the judgment unsatisfied, and that due notice had been given of the motion, set aside the return, and granted the motion. To which the defendants excepted. This is the matter now assigned as error.

J. P. SAFFOLD, for the plaintiffs in error.

When a sheriff returns an executions thus, "the defendants in this case have settled with plaintiff's attorney, as per order of same, costs and commissions paid to the sheriff," a subsequent execution cannot issue without the authority of the court. Haden et al v. Walker, 5 Ala. 86. In the foregoing case Walker moved the court to allow the sheriff to amend his return. See page 89, to show that the return "settled in bank," is a good return of "satisfied."

In McGehee v. McGehee, 8 Ala. 87, after judgment rendered by the court below by default, the court refused, on defendant's motion to permit the sheriff to amend his return upon suggestion that it was returned executed by mistake. The court say, if it were shown "the sheriff could not respond in damages," or irreparable injury be sustained, the court might interfere in such a way as not to work a discontinuance. Seee Watkins et al. v. Gayle, 4 Ala. 153.

"Credence is given to the return of the sheriff; so much so that there can be no averment against the sheriff's return in the same action." Watson on Sheriffs, 72. Sheriff concluded by his own return. Ib. 73; Sewell on Sheriffs, 387.

"A sheriff's return is sufficient and conclusive between the parties, and can be impeached only in an action against the sheriff." Mentz v. Hamman, 5 Whart. 150; 2 Sup. U. S. Dig. 783, Art. 399.

Where the sheriff has returned his writ "executed," and he does not ask permission to alter or amend his return, the court has no power to do it, and cannot compel him to make any alteration in it as to matter of fact, and the sheriff is re-

sponsible for a false return to the party injured.    Sawyer v.
Curtis, 2 Ashmead, (Penn.) 127 ; 2 Sup. U. S. Dig. 783, Art.
397.

The remedy for a false return is against the sheriff.  Clay's
Dig. 218, § 84 ; Sutherland v. Cunningham, 1 Stew.  438 ;
Rowan v. Wallace, Judge, &c. 7 Porter's R. 171 ;  Sewell on
Shff. 387 ; McWhorter v. Marr, 1 Stew. R.  63 ;  McBee v.
State, 1 Meigs, 122 ; 2 Sup. U. S. Dig. 783, § 395.

COLLIER, C. J.—It is allowable for a sheriff to amend
his return at a term subsequent to that at which it is made,
and the amendment will relate back to the proper return day,
(Malone v. Samuel, 3 Marsh. Rep. 350 ;) and it has been per-
mitted, even after the lapse of several years.   Thatcher v.
Miller, 11 Mass. Rep. 413 ; Hutchins v. Brown, 4 H. & McH.
Rep. 498.  So such amendments have been permitted after
the sheriff went out of office, and after a writ of error sued
out to reverse the judgment.   Gay v. Caldwell, Hard. Rep.
63 ; Irvine v. Scobee, 5 Litt. Rep. 70 ; Adams v. Robinson,
1 Pick. Rep. 461 ; Wilson v. Ray, Charl. Rep. 109 ; Rucker
v. Harrison, 6 Munf. Rep.  181 ; Boyce v. Watson, 3 J. J.
Marsh. Rep. 500.   An amendment has been permitted after
the officer's death, on motion of his representatives.   Fow-
ble v. Raybergh, 4 Ham. Rep. 45.   And it has frequently
ly been held competent for parteis or purchasers to apply to
the court to have a return amended.   See Fowble v. Ray-
bergh, supra; Clarke v.  Belmear, 1 G. & Johns. Rep. 443 ;
Williams v. Rogers, 5 Johns. Rep. 162.  But such amend-
mendments will not be permitted to affect the rights which
have vested subsequent to the return ; and if they are allow-
ed, the intervening rights of third persons will not be preju-
diced.   Emerson v. Upton, 9 Pick. R.  167 ; Freeman v.
Paul, 3 Greenl. Rep. 260 ; Davidson v. Cowan, 1 Dev. L. R.
304 ; Means v. Osgood, 7 Greenl. Rep.  146 ; Bowman v.
Stark, 6 N. Hamp. Rep. 459.   These propositions are sup-
ported by the decisions of this court.   See Brandon v. Snow
& Cunningham, 2 Stew. Rep. 255 ; Woodward v. Harbin, 4
Ala. Rep. 534; Watkins et al.  v. Gayle, use, &c. Id. 153 ;
McGehee v. McGehee, 8 Ala. 86 ; Hodges v. Laird, 10 Ala.

McMichael et al. v. Br. Bank at Montgomery.

678 ; Cawthorne v. Knight, 11 Ib. 268 ; The Governor &c. v. Bancroft, at this term.

In the case before us, a motion was submitted to set aside the sheriff's return to the *fieri facias* upon a suggestion that the judgment had not been "settled in bank," or otherwise satisfied : of this motion, notice was given to the defendant, and the truth of the suggestion made manifest by proof.— The record does not inform us of the character of the evidence, and it must therefore, in favor of the ruling of the county court, be intended that it was such as was appropriate. If it was indispensable to produce the testimony of the sheriff, we will intend that it was before the court ; and if his evidence, from a defect of memory, or other cause, was insufficient, it must be presumed that it was aided by such additional proof as furnished an ample warrant for vacating his return.

We have seen that it is allowable to amend the return of process, not only upon the motion of the officer making it, but at the instance of his representatives, or of a party, or even of a third person who has an interest in the matter ; and that amendments have been permitted years after the return was made. In Rucker v. Harrison, *supra*, the sheriff was allowed to amend his return seven years after its date. No third person can be prejudiced by the amendment, and no reason suggests itself why it should have been refused. We cannot therefore pronounce against the ruling of the county court ; and its judgment is consequently affirmed.