The Governor, use &c. v. Bancroft et al.

~~~~~~~~~~~~~~~~

| 16 | 605 |
| 107 | 504 |

| 16 | 605 |
| 138 | 139 |

## THE GOVERNOR, USE, &c. *vs.* BANCROFT ET AL.

1. Where in an action on a sheriff's bond the breach assigned is that he failed to pay over to the plaintiffs the proceeds of goods sold under process, a plea averring "that while the said money was in the custody of the law, one Claude Beraujohn, by motion made, &c.. in pursuance of notice by him previously given, &c., obtained the direction of the court to pay over to said Beraujohn the sum of $105, which remained due him for the rent of the premises, whereon said goods were when seized, which said amount was paid to said Beraujohn, and the remainder to the plaintiff's attorney before action brought," is not bad for duplicity.

2. The lien of a lessor on the goods and chattels upon the premises, for the rent due at the time of their seizure under attachment or execution, may be enforced by motion to the court to which the process is returnable, to direct an application of so much of the proceeds of the sale as may be necessary to discharge it.

3. A motion entered on the docket, with the memorandum of the Judge written across it showing his action thereon, though not spread upon the minutes of the court, is *quasi* a record and admissible in evidence to prove the facts which it imports.

4. Where a plea is pleaded in short *by consent* and the plaintiff demurs, he cannot object that the plea does not inform him with precision of the evidence by which the defendant intends to make out his defence.

5 Where the return of a sheriff upon a writ of attachment fixes on him

a liability to the plaintiff, it is not competent for him in a suit by the latter founded on such return to prove that it is incorrect. In such case, a direct application for leave to amend the return should be made to the court whence the process issued.

Error to the County Court of Mobile. Tried before the Hon. John A. Cuthbert.

This is an action of debt by the plaintiff, for the use of Whitsett, Garner & Co., against the defendants in error, on the official bond of Charles Bancroft, late sheriff. One of the breaches assigned is that an attachment ancillary to a suit then pending in the County Court of Mobile county was sued out by said Whitsett, Garner & Co. against one Felix Maxam and delivered to said Bancroft, who as such sheriff levied it on a large quantity of merchandize, which he failed to secure so as to have forthcoming to satisfy the judgment. Another is that he sold the goods levied on and failed to pay over the proceeds of sale to said Whitsett, Garner & Co. The defendants filed three several pleas, the third of which is, that from the proceeds of the sale, after deducting the costs, &c., there remained in the sheriff's hands but the sum of one hundred and seventy-three dollars and thirty-three cents, " and that while the said money was in the custody of the law, one Claude Beraujohn, by motion made before this honorable court, in pursuance of notice by him previously given said sheriff, and after notice given the attorney of the plaintiff in this action, obtained the direction of the court to pay over to said Beraujohn the sum of $105, which remained due him for the rent of the premises whereon said goods were when so seized, which said amount was paid to said Beraujohn, and the remainder of said money to the plaintiff's attorney before action brought," &c. To each of the pleas the plaintiff demurred, and the demurrer was sustained as to the two first, but overruled as to the third plea. The defendants then by leave of the court amended their two first pleas, rendering them in substance pleas of performance of the conditions of the bond. This was done " in short by consent." The plaintiff demurred to each of these amended pleas, but the court overruled the demurrers. The plaintiff introduced in evidence the return of the sheriff on the writ of attachment. The defendants offered as a wit-

ness one Austin, who was a deputy of Bancroft, and as such had made the levy of the attachment, having first executed to him a release.   The plaintiff objected to his competency, notwithstanding the release, but the court overruled the objection and allowed him to testify.   The witness stated that the sheriff's return on the writ of attachment was incorrect in this, that the levy was among other things on ten pair of brogans, instead of "ten dozen brogans," as mentioned in the return. To this evidence the plaintiff objected, but the court overruled the objection and the evidence went to the jury.   The defendants then introduced the motion docket of the County Court, and offered to read a motion made by Claude Beraujohn against the defendant Bancroft, with the judge's minute thereon, conforming to the allegations of the third plea.   The plaintiff objected to the evidence, but the court overruled the motion and suffered them to be read to the jury, it having been first made to appear that the clerk had omitted to enter them on the minutes of the court.   To the several rulings of the court the plaintiff excepted, and now assigns them as error.

Douglas Smith, for plaintiff in error:

1.  The third plea sets out no sufficient defence to the breach assigned.   The court has no jurisdiction to direct the money collected under the attachment to be paid to Beraujohn, who had not proved before any tribunal that any debt was due him. Such summary proceeding is unauthorised by statute or common law.   A party must obtain a judgment before a court of common law can order money of other persons to be paid to him.—Ayres v. Dobson et al., 5 Stew. & Porter, 441; Westfelt v. Lewis, 2 McLean, 511.   Besides, the plea is bad for duplicity.—11 Ala. 550.

2.  The amended pleas were insufficient.   When a breach of the condition of a bond is specially assigned, a general plea of condition performed, without setting out the mode and manner of performance, is bad.—Tait, use &c. v. Parkman & Weaver, 15 Ala. 253; Postmaster General v. Cochran, 2 Johns. 415; Turner v. Arley, 15 Pick. 546; United States v. Bradley, 10 Peters, 243; 3 Blackf. 121; 2 Ala. 421.

3.  The judge's minutes were not evidence, and should not have been admitted.

4. Parol evidence is inadmissible to contradict a sheriff's return. It is conclusive upon and cannot be disputed by him. Woodward v. Harbin, 1 Ala. 104; Figh & Blue v. Mead, 4 Ala. 297; Price v. Cloud, 6 ib. 284; Clarke v. Gary, 11 ib. 98; Gardner v. Hosmer, 6 Mass. 325; Weld v. Bartlett, 10 ib. 470; Wellington v. Gale, 13 ib. 483; Simmons v. Bradford, 15 ib. 82; Purrington v. Lowry, 17 ib. 392; Welch v. Joy, 13 Pick. 477; Baker v. McDuffie, 23 Wend. 289; Lawrence v. Curtis, 2 Ashm. 127; Temple v. Coulson, 9 Watts & S. 62; 3 S. & M. 409; 1 Meigs, 122; Lewis v. Blair, 1 N. Hamp. 70; 8 ib. 546; 9 ib. 76; 10 ib. 103; 9 Shep. 14; 4 Pike, 184; 3 B. Mon. 344; 2 Term Rep. 148; 2 Com. Dig. 287.

RAPIER, for defendants in error:

1. There was no error in overruling the demurrer to the third plea. The plea is responsive to the thirdly assigned breach, and will be intended to apply thereto. The plea confesses, but justifies and avoids. If the sheriff had an execution for costs against Maxam, it was his duty to satisfy it from the goods attached; and assuming that Beraujohn had a claim of $105 for rent, as alleged, his lien was paramount to that of the plaintiff's, and he would have been justifiable in discharging the lien with or without directions from the court.—Clay's Dig. 210, § 45. The plea is not demurrable for duplicity.— 2 Port. 145. Though the plea were defective, it ought not to prejudice the defendant, because it may be regarded as having been abandoned when the substituted pleas were filed.— 4 S. & P. 52. The substituted pleas, which were in short by consent, were ample by intendment, and fully responsive to the assigned breaches.—See 7 Ala. Rep. 791; 8 ib. 173.

2. There was nothing in the relation of the sheriff to his former deputy to render the latter, after he had been released, an incompetent witness for the defendants.

3. The rule that the return of a sheriff cannot be contradicted, though general, is not universal. There are cases to be found, where the rule has been held not to apply. The true rule deducible from the authorities is, that for the purpose of invalidating the sheriff's proceedings, or defeating any right acquired by means of them, the truth of his return cannot be called in question—See Lewis v. Blair, 1 N. H. Rep. 68; 2

Burrows' Rep. 950; 3 ib. 1243; 3 Dyer, 348, b.; 11 East. 296. There is another limitation to the application of the rule. The return of any collateral fact, not necessary to be returned in order to render his proceedings valid, may be traversed.

4. Though the court below erred in admitting the witness to show a mistake in the memorandum of the goods attached, yet it was an error in favor of truth and the justice of the case. For this reason the rule, which is conventional, should not be applied. It is one of the class of cases, where, though there is error in the primary court, the judgment will nevertheless be affirmed.—See 2 Stew. 172; 3 ib. 185; 3 Ala. Rep. 599; Johnson et al., assignees, v. Smith, 2 Burrows, 961-2-3, 966.

5. The memorandum of the judge granting the motion of Beraujohn was correctly admitted in evidence. It was a *quasi* judgment and record, and the best evidence in the absence of an entry upon the regular minutes. It was the basis of a judgment *nunc pro tunc* at any subsequent term.—4 Ala. 214; 3 ib. 281. It was competent for the court, on motion, to direct the application of the money in the hands of the sheriff.—1 Ala. 292. At all events, the sheriff would be protected by the judgment of the court.—10 Ala. 92.

COLLIER, C. J.—1. The third plea merely states the amount produced by the sale of the goods alleged to have been seized under the attachment against the estate of Maxam, and how it had been disposed of; if the disposition of this money by the sheriff was legal, the plea is not objectionable for duplicity, or any other ground upon which its validity has been assailed.

2. In respect to the claim of Beraujohn for the rent of the premises on which the goods were seized, it is well settled that the act of 1807 " concerning executions, &c." which inhibits the removal of goods and chattels levied on by execution from any messuage, lands &c., leased &c., until the the payment of the money due for the rent of the premises, gives to the lessor a lien for the rent due at the time of the levy of a *fi. fa.* or attachment on such goods and chattels.—Clay's Digest, 210, § 45; Whidden v. Toulmin, 6 Ala. Rep. 104. And in Denham & Warford v. Harris, at the last term, it was held that the lien might be summarily enforced, by the court to

which the process was returnable directing the sheriff to discharge it from the proceeds of the sale of the goods, in preference to the demand of the creditor at whose instance they were seized. In that case the lessor proceeded by petition and notice to the sheriff and creditor, but we can perceive of no objection to either the sheriff or the lessor moving the court for such an order as may be proper, and the parties interested may be brought in by notice and their respective interests adjusted. This is the usual mode of proceeding where money collected by an officer of the court under legal process is claimed by several persons. It is a convenient practice, and one in which the rights of all parties can be quite as well protected as if a suit was brought by action ; for the party supposing himself aggrieved may prosecute a writ of error and have the matter reviewed. Besides, this remedy commends itself by its cheapness, simplicity and expeditiousness ; and having been applied to enforce a statute in favor of a party whose claim was not ascertained by judgment, we feel no inclination to hold a different doctrine. See also Wheeler & McCurdy v. Kennedy, 1 Ala. Rep. 292; Henderson v. Richardson, 5 Ala. 349. If the sheriff had paid to Beraujohn the amount for which he had a lien on the goods attached, for rent, he might *pro tanto* have defeated a recovery against him by the plaintiffs, and shall he occupy a less favorable position where he acted under the sanction of the court—the more especially as the plea alleges the existence of the lien to the extent of the sum paid, at the time the attachment was levied?

3. There can be no doubt the motion by Beraujohn as stated on the motion docket, with the *memorandum* of the judge as written across it, directing the payment of one hundred and five dollars in satisfaction of his lien, was admissible evidence to show that the sheriff had legally disposed of so much of what he had collected in favor of the beneficial plaintiff. It was certainly competent for the court *mero motu*, or at the instance of either party, to have had a perfect entry made *nunc pro tunc* from the motion docket. The proceeding then was *quasi* a record, and admissible to prove the facts imported by it, though perhaps not conclusive until perfected. This view may serve to show that the third plea is not objectionable for any cause that has been pointed out by the plaintiff's counsel,

and that the evidence adduced to show that the sheriff had the warrant of the County Court for the payment of the landlord's rent was at least competent.

4. In respect to the pleas which were interposed after the plaintiff's demurrer was sustained, they are professedly pleaded " in short by consent," and the plaintiff demurs in the same form.   Where this mode of pleading is resorted to by mutual consent, as the record authorises us in the present case to infer, it is not allowable for the plaintiff to object that a plea does not particularize and inform him with precision of the evidence by which the defendant intends to make out his defence.  The pleas we are considering allege in general terms that the defendants performed the duties in respect of which they are charged with having committed a breach of their bond; and without pretending to determine whether in such case a general plea of performance is demurrable, we think as the plea was received " in short," the plaintiff must be held to have waived greater particularity.   The demurrers to these pleas were then properly overruled.

The deputy sheriff Austin, who levied the attachment, having been released by his principal from all liability growing out of his acts, we can conceive of no objection to his competency as a witness,—none has been started here, although the question is made upon the record.

5. We are now to inquire whether it was competent for the defendants to show a mistake in endorsing the levy of the attachment, by the deputy who levied it.  It is certainly a general rule that the return of a sheriff cannot be contradicted. But this rule, it is said, is not universal, and that there are many cases to be found in the books where it has been held not to apply.   "Upon an attentive examination of all the cases," says Richardson, C. J., " it will be found that the rule, that there can be no averment against the sheriff's return, has only been applied in cases where the attempt was to invalidate his proceedings by showing the fallacy of his return.— This circumstance shows at once the object and reason of the rule.   The object of the rule was to protect the proceedings of the sheriff, and the reason of it was the extreme inconvenience that must result from suffering the proceedings of the sheriff to be invalidated by calling in question the truth of his

return. If the sheriff's return might be thus invalidated, much mischief to parties would result from it, and much uncertainty in judicial proceedings would be the consequence."—6 Mass. Rep. 327. The limits then, within which the rule is applicable, are distinctly marked by the reason and object of it, and the rule is "that for the purpose of invalidating the sheriff's proceedings, or defeating any right acquired by means of them, the truth of his return cannot be called in question.—There is not in the books even a *dictum*, that the rule was ever carried to a greater extent than this." The learned judge adds, there is another limitation to the application of the rule that the sheriff's return cannot be traversed. The return of any collaterel fact not necessary to be returned in order to render his proceedings valid, may be traversed."—Lewis v. Blair, 1 N. Hamp. Rep. 68, and cases there cited. In that case, the action was against a deputy sheriff, and the plaintiff relied upon his return on *mesne* process, yet the defendant was permitted to show that by mistake or other cause consistent with good faith on his part, it did not state the facts truly.—See also Kittredge v. Bellows, 4 New Hamp. Rep. 424; Brown v. Davis, 9 ib. 76; Boynton v. Bladgett, ib. 224; Parker v. Guillow, 10 ib. 103.

In Watson v. Watson, 6 Conn. Rep. 334, it is admitted to be a general rule of the common law, that the return of a sheriff on an execution, except in relation to himself, when sued, is absolutely conclusive; and the reason is said to be, that he is a sworn officer to whom the law gives credit. The return of *mesne* process falls within the same reason and is governed by the rule. Yet the court refuse to recognise the English common law in this respect, as applicable in Connecticut.

As a general rule, the return of a sheriff upon returnable process is only *prima facie* evidence against *strangers.*—3 Phil. Ev. C. & H. notes 1085. Between parties to the process or their privies, it is usually conclusive, has already been conceded.—Id. 1087. And such is its effect, in general against the officer making it—Id.1089: but the case of Lewis v. Blair, *ut supra,* shows that the rule is not universal. Another exception exists where an action is brought against an officer for not selling property levied on by him under an attachment and returned as the property of the debtor; for notwithstand-

ing such return he may show that the property was not the defendant's. Whiting v. Bradley, 2 N. Hamp. Rep. 498; Learned v. Bryant, 13 Mass. Rep. 224; The Governor use, &c. v. Gibson, et al. at this term. Nor is an officer's return conclusive against him as to statements which are mere matters of opinion. Williams v. Cheeseborough, 4 Conn. Rep. 356; Kittredge v. Bellows, 4 N. Hamp. Rep. 424; Denton v. Livingston, 9 Johns. Rep. 96.

In Boynton v. Willard, 10 Pick. Rep. 166, it is strongly intimated, that a return by an officer, that he attached certain property, is not conclusive evidence against him in trespass that he took it, so as to render him liable therefor, and preclude him as against the defendant in the writ from proving the contrary. And other cases are stated by the court in which it is supposed that his return is inconclusive against him. See Figh & Blue v. Mead, 4 Ala. Rep. 279; Clarke v. Gary, 11 Ala. Rep. 98.

In Evans v. Davis, 3 B. Monroe's Rep. 344, the general rule was admitted that a sheriff is estopped from controverting facts embraced in his return, and which were within the sphere and connected with the discharge of his duty; but it was held that a sheriff when sued as trespasser for the seizure of property under an execution, may prove facts *dehors* his return and not inconsistent therewith. In Lawson v. Main, 4 Ark. Rep. 184, it was said, the return of a sheriff is an official, ministerial act, and forms a part of the record of the court, which can neither be impeached or questioned *aliunde* by him. He will be allowed upon application to the court to amend it; but this privilege is given upon the principle that the truth of the facts ought to appear of record, and the sheriff having been mistaken in regard to them, ought to be permitted to amend his return. But he cannot be permitted to discharge himself from a liability which his unaltered return would fix upon him. So it has been said, that " nothing is better settled than that an officer making a return of his doings upon a writ is not allowed to gainsay the truth';" it was therefore held, that where a deputy of the defendant, who was sheriff, returned on a writ that he had " attached one hundred and seventy-five yards of broad-cloth, the property of the within named defendant, it was not competent for him, in an action for not pro-

ducing the property to be taken on execution, to show that but thirty yards were in fact attached by him.—Haynes v. Small, 22 Maine Rep. 14. See Price, et al. v. Cloud, 6 Ala. Rep. 254.

In Baker v. McDuffié, 23 Wend. Rep. 289, it was decided that a sheriff is generally concluded by his return upon process from gainsaying its truth collaterally ; if the return be incorrect, it must be reformed by a *direct proceeding*, so that a full explanation may be given. But it was said that the return was only conclusive when set up by a party who may claim something under it; if others rely upon it as the sheriff's admission, it is but *prima facie* evidence, and may be explained. See Kendall v. White, 1 Shep. Rep. 245 ; Sawyer v. Curtis, 2 Ashm. Rep. 127 ; Mentz v. Hamman, 5 Whar. Rep. 150 ; also, 1 Lord Raymond's Rep. 184 ; Dalton's Sh'ff, 189 ; Wats. Sh'ff 72 ; Bridges v. Walford, 6 M. & S. Rep. 42.

The courts of the States have been very liberal in permitting officers to amend their returns, not only at their own instance but even after their death, on motion of their representatives; amendments have also been allowed upon the application of a purchaser or the parties.—Fowble v. Raybergh, 4 Ham. Rep. 45 ; Clarke v. Belmear, 1 Gill. & Johns. Rep. 443 , Williams v. Rodgers, 5 Johns. Rep. 162. See 3 Phil. Ev. C. & H's notes 1095, *et seq.* In the exercise of this salutary power an officer has been permitted to amend his return of a writ, though several years had elapsed. Thatcher v. Miller, 11 Mass. Rep. 413 ; Rucker v. Harrison, 6 Munf. Rep. 181. See also Irvine v. Scobee, 5 Litt. Rep. 70 ; Boyce v. Watson 3 J. J. Marsh. Rep. 500 ; Woodward v. Harbin 4 Ala. Rep. 534 ; Gilman v. Stetson 4 Shep. Rep. 124 ; Planters' Bank v. Walker, 3 S. & Marsh. Rep. 409 ; Johnson v. Day, 17 Pick. Rep. 106 ; Brandon v. Snow & Cunningham, 2 Stewart's Rep. 255.

It is not a conclusive objection to the exercise of this salutary power of amendment, that a suit has been instituted against the officer, seeking to charge him upon the ground that his return subjects him to liability. Under such circumstances, it was adjudged competent to allow the return to be amended.—Hodges, et al. v. Leaird, 10 Ala. Rep. 678. It was however conceded that in such case, the court might impose terms upon the officer, and we will add that it should certain-

ly do so, where justice required it, and as the officer was at fault in not having discharged his duty with more exactness, he should indemnify the plaintiff for all costs accrued up to the time of the amendment, if the action was induced by the incorrect return.

But it has been often held, that a sheriff should not be permitted to amend his return to the prejudice of third persons; and if an amendment is allowed, it shall not affect rights which they have acquired without notice. Nor will the return of mesne process be amended after the term to which it is made, and after a judgment by default has been rendered upon the supposition that it was correct, if the effect will be to avoid the judgment.—Davidson v. Cowan, 1 Dev. Rep. 304 ; Means v. Osgood, 7 Greenl. Rep. 146 ; Bowman v. Stark, 6 N. Hamp. Rep. 459 ; Emerson v. Upton, 9 Pick. Rep. 167 ; Fairfield v. Paine, 10 Shp. Rep. 498 ; Hughes v. Lapice, 5 Smedes & M. Rep. 451 ; Berry v. Spear, 1 Shep. Rep. 187 ; Watkins, et al. v. Gayle, 4 Ala. Rep. 153 ; McGehee v. McGehee, 8 ib. 86.

If the principles we have stated and the authorities by which they are supported are well founded, it is clearly inferrable that it is within the competency of the court, to which the attachment was returned, to permit the levy endorsed to be amended, so as correctly to indicate the property levied on. And this we have seen is permissible, notwithstanding an action has been instituted upon the hypothesis that the return states the truth; but the court may as we have seen impose terms upon the sheriff, or rather so exercise its power, as not to subject the plaintiff to costs, if taking the record as it stands he would be entitled to recover. We have taken this view of the matter, that it may be seen that a sheriff who by mistake makes a false return is not remediless, and what course he should pursue to correct it and prevent injury to himself.

It must be admitted that the rule which inhibits the sheriff from falsifying his return is not definitely settled. It rests upon the arbitrary principle that it is matter of record, and so long as it remains unaltered, it cannot be gainsayed by proof. In point of moral justice it would seem to be unimportant whether the return should be first amended by permission of the court, and then adduced as evidence of the fact it imports, or whether proof should be offered to the jury to show its falsi-

ty and the truth of the matter. But the decisions are too numerous and uniform to allow the incorrectness of the return to be shewn in an indirect proceeding by a party, instituted upon the hypothesis that it is true; they strongly tend to establish that in such a proceeding the return concludes the sheriff until the amendment is regularly made. The case at bar comes directly within the influence of these adjudications, and consequently the County Court erred in admitting the evidence of the deputy sheriff, who levied the attachment, to prove that the return endorsed did not correctly state the quantity of goods levied on. We have indicated the proper course of procedure, and have but to add that the judgment is reversed, and the cause remanded.