EX PARTE BELL.

[APPLICATION FOR MANDAMUS.]

1. *Mandamus; when will not lie.*—A mandamus will not be granted to let in a mere technical defense, founded on defective service of process, and to compel a judge of a circuit court to set aside a judgment by default, because the sheriff has made a false return of service of the summons and complaint on the defendant, when the judgment is on a promissory note, unless the application shows a meritorious defense to the note.

This was an application for mandamus. The facts upon which it is based are sufficiently stated in the opinion.

JOHN HENDERON, for petition.
JOHN W. INZER, *contra*.

PETERS, J.—This is an application for *mandamus.* The ground set out in the petition is as follows : On the 4th day of April, 1871, Jeremiah Collins sued petitioner, John Bell, by summons and complaint on a promissory note, for $400, in the circuit court of St. Clair county. The note bears date in October, 1861, and became due one day after date. The summons was served by the sheriff of said county of St. Clair, and his return was in the following words : "Received in office, April 5th, 1871, executed by handing the within copy, April 12th, 1871." Signed, "John C. Brown, sheriff." After the return of this process into court, by leave of the court properly granted, the sheriff amended his said return so as to make it appear that the process was served by handing a copy of the summons and complaint to the defendant. On this process so served judgment by default was rendered by the court, against the defendant, the said John Bell, at the spring term of said circuit court, in 1872, for the amount of said note, interest and costs. During the same term of said court, said John Bell, this petitioner, by his attorney as *amicus curiæ,* moved the court to set aside said judgment and strike said cause from the docket, on the ground that said sheriff had not executed or served said summons and complaint on petitioner, and that said return of service was false. The court refused these motions, and the said John Bell excepted to the ruling of the court and reserved his objections in his bill of exceptions. And he now comes here and moves this court, on the matters of his bill of exceptions, for a writ of *mandamus* to compel the learned judge of the circuit court to grant said motions.

*Mandamus* is in the nature of an equitable remedy. The petitioner who seeks its assistance must show that he has suffered some substantial injury to some well ascertained right. Here, there was no proof that the debt was not just, and due, and a subsisting claim. The petitioner does not assert that he has any meritorious defense to the note. He merely seeks the use of a remedy, where he shows no meritorious right to redress. The applicant in this case

seeks to get rid of a judgment, to which he has no defense, on the merits, but if any, a merely technical defense. This would not be good in equity, and is never allowed. He must show merit before he is entitled to relief.—*Bennet v. Fuller*, 4 Johns. R. 486; *Bowen v. Russell*, 6 Wend. 511; *McCarney v. McCamp*, 1 Ashm. 4; *Grottick v. Bailey*, 5 B. and C. 703. It was long ago said of this remedy that "it was introduced to prevent disorder, from a *failure of justice* and *defect of police*." Therefore it ought to be used upon all occasions where the law has established no specific remedy, and where, *in justice* or *good government*, there ought to be one.—*Rex v. Parker*, 3 Burr, 1265. A mere technical defense is not sufficient; and this is all that is relied on here. The correction of the sheriff's return is not matter of error. It is conclusive.—*Watkins v. Gayle*, 4 Ala. 153, 155; *McGehee v. McGehee*, 8 Ala. 86, 87. The application shows no meritorious defense to the note on which the judgment is rendered. It is therefore denied with costs.