# Woodall *et al. v.* Oden.

## Action on Tax Collector's Bond.

1. *Act of April* 19, 1873; *second section of, construed.*—The act to keep in each county a proportionate share of the public school money, approved April 19, 1873, by its second section required the tax collector of each county to pay over, at the end of each month, to the county treasurer, all poll taxes collected during the month, taking the county treasurer's receipt, or duplicate, approved by the probate judge, &c., which shall be received as cash in his settlement with the Auditor. The same act, in another section, provided that, before any money should be paid to the county treasurer, he should increase his bond to such an amount as shall be authorized by the superintendent of public instruction.

The tax collector, as required by the second section of the act, paid over to the county treasurer, at the end of each month, the poll taxes collected during the month, taking the receipts prescribed by that section, without any knowledge that the treasurer had not increased his bond.

[Woodall et al. v. Oden.]

*Held:* Although as between the treasurer and the sureties on his general bond, the latter were not liable for payment of poll taxes made to the treasurer before increasing his bond, as required by the act, yet the failure of the treasurer to give such increased bond, without more, did not, *proprio vigore,* vacate his office, and he still remained an officer *de jure;* and the statute not imposing upon the tax collector the duty of ascertaining whether such increased bond had been given, he had the right to presume that the authority charged with exacting such bond, had properly performed its duty, and in the absence of information to the contrary, was discharged by payments of poll taxes made in good faith to the county treasurer; though under the inconsistent provisions of the statute, the treasurer, as between himself, his general sureties and the State, could not rightfully receive payment of such taxes until he had given the increased bond.

APPEAL from Morgan Circuit Court.
Tried before Hon. W. B. WOOD.
The opinion states the case.

CLARK & HARRIS, and J. B. MOORE, for appellants.

RATHER & SHARPE, and C. F. HAMILL, *contra.*

STONE, J.—The act "to keep in each county of this State a proportionate share of the public school money," was approved April 19, 1873.—Pamph. Acts 1872-3, p. 6.   The second section of that statute declares, "that each tax collector shall, at the end of every month, pay all poll taxes collected during such month to his county treasurer, and take his receipt for the same in duplicate, endorsed and approved by the probate judge of his county," &c.   Section 7 declares, "that before any money shall be paid over to the county treasurer, under this act, such treasurer shall increase his official bond to such an amount as shall be authorized by the superintendent of public instruction," &c.

The appellant, Woodall, was tax collector of Morgan county, and as such collector, he paid over to Morrow, the county treasurer, poll tax moneys collected by him, conforming in all respects to the statute, except that Morrow, the treasurer, had not increased his bond as required by section 7 of the act.   Morrow, failing to account for this money to the county superintendent of education, the latter brought suit against him and his general sureties as county treasurer, to recover the same.   We held that his general sureties were not liable for this default.—*Morrow v. Wood,* 56 Ala. 1.   Thereupon the county superintendent instituted this suit against the tax collector and his sureties, alleging that the payment to Morrow was unauthorized and illegal, and therefore no payment in law.   The question is thus presented, did the payment to Morrow absolve the tax collector from further liability to account for this money?

Whose duty was it to see that the treasurer increased his official bond?

There can be no question that at the time Woodall paid the money over, Morrow was the county treasurer of Morgan county—not *de facto* merely, but *de jure.* He had given bond as such, and the office was full. None other could have been appointed while he thus held the office. His failure to "increase his official bond," may, and probably would, have been sufficient cause for his removal, on proper proceedings, but it did not, *proprio vigore,* vacate his office. Hence, the powers of an officer *de facto,* need not be invoked or inquired into.

The statute under discussion does not, in terms, inform us whose duty it was to see that the treasurer increased his official bond. The superintendent of public instruction was required to fix the amount of the bond. The bond was to be increased " to such an amount as shall be authorized by the superintendent of public instruction." This is the language of the statute, and was the first duty to be performed. The next step, or duty, was to be performed before the judge of probate. He was to approve the bond, and forward a certified copy to the superintendent of public instruction. The statute makes no provision for notifying the tax collector that these duties have been performed, or the contrary. No function or duty in reference to the execution of this bond is cast on the tax collector. It is imposed on other officers. The second section of the act, as we have shown, provides that at the monthly payments made by the collector of the poll taxes, collected during the month, he shall take the treasurer's "receipt for the same in duplicate, endorsed and approved by the probate judge of his county, and the tax collector shall immediately forward one of these receipts to the State superintendent of public instruction, and a similar receipt shall be received as cash in the settlement of his accounts with the State auditor." Several important inquiries may arise here. First, why require the duplicate receipt of the treasurer to be endorsed and approved by the probate judge? Why require one class of payments made to a bonded public officer, to be endorsed and approved by another public officer; and that other public officer the identical one on whom the law cast the duty of approving the additional bond required of the treasurer, as a condition precedent to his right to have this particular fund paid over to him? The probate judge, when he endorsed and approved these several payments to the county treasurer, had actual knowledge whether or not the increased bond had been executed by the latter officer; while it is not averred or pretended that the tax collector had such knowledge. Both the

superintendent of public instruction and the probate judge are public officers. The law made it the duty of the former to prescribe, and of the latter to approve the bond; and the presumption is that public officers do their duty.—*Brandon v. Snow,* 2 Stew. 255; *Hiets v. Colvin,* 14 Johns. 182; *Hartwell v. Root,* 19 Johns. 345; *Hinson v. Barnes,* 3 Gill & Johns. 359; 12 Wheat. 70. We think the clause of the act we have been commenting on—that which requires the probate judge to endorse and approve the treasurer's receipts—strongly persuasive to show, that the legislature intended to place this as a guard and check against unauthorized payments to the county treasurer. The last clause of the section declares that such receipts, meaning, of course, so endorsed and approved, "shall be received as cash in the settlement of his accounts with the State auditor." We can not give this clause full effect without according to these "endorsed and approved" receipts, the effect of full proof, both in fact and law.

We hold that the tax collector was justified in presuming the superintendent of education and the probate judge had done their duty, and that he could lawfully pay to the treasurer the money which the statute required him to pay "at the end of every month." We are loth to adjudge an officer in default, whose only imputed offense consists in the promptness with which he paid the public school fund to the officer the statute declared should receive it. The fault, and omission of official duty, do not, in this case, rest on the tax collector.

In the case of *Morrow v. Wood,* 56 Ala. 1, speaking of this identical transaction, we said, "before the poll tax, or any part of the school fund, could be rightfully paid to the treasurer, the new and independent bond must have been executed and approved." In this case we hold, that notwithstanding the new and independent bond had not been executed, still a payment of the school fund to the treasurer absolved the tax collector and his sureties. This presents a seeming anomaly. It grows out of what we consider to be inconsistent provisions that were allowed to become embodied in the statute. We regret the loss to the school fund, but find no authority for visiting it on the tax collector, who seems to have acted in good faith.

We consider it unnecessary to consider any other question, as what we have said will probably be decisive of the case on another trial.

Reversed and remanded.