McRAE ET AL. v. COLCLOUGH.

1. In a summary proceeding against a sheriff, for a failure to return an execution, the notice should indicate whether the judgment sought to be recovered is such as is authorised by the act of 1807, or 1819. But where the notice states that the motion will be made "for the amount of a writ of *fieri facias*," &c. it sufficiently shews that the proceeding was instituted under the act of 1819.

2. A judgment may be recovered against a sheriff and his securities for the failure to return an execution, upon three days notice of the motion being given, *either* to the sheriff *or* his securities.

3. In a proceeding against a sheriff and his securities, for the failure to return an execution, it is not necessary, where the notice was directed to be executed on the sheriff alone, that it should set out the names of the securities ; it is sufficient that they are entered of record when the motion is submitted.

4. It is not necessary that a notice to a sheriff, that a judgment will be moved for, &c. should be dated, especially when the coroner's return shows when it was served.

5. It is not necessary that a notice to a sheriff that a judgment will be moved for, should designate the day of the term when the motion will be made.

6. The notice to a sheriff, *or* his securities, that a judgment will be moved for, may be subscribed by the plaintiff's attorney.

7. It is no excuse for a sheriff, who has failed to return an execution, that the plaintiff did not pay, or secure, or offer to pay or secure, to him his legal fees.

8. It is no answer for a sheriff who has failed to return an execution, to allege that he had more official business than himself or his deputies could perform.

9. The act of 1807, which limits the period within which fines and forfeitures may be recovered, does not, (at least since the statute of 1832, "to limit actions against securities of officers,") apply to a proceeding against a sheriff and securities for failing to return an execution.

10. It cannot be objected to a verdict that it is too broad, if every essential matter put in issue is concluded by it.

11. In a motion against a sheriff and his securities, though the suretyship of the latter is not denied by plea, yet the fact must be shown to *the court*.

12. A sheriff charged with the failure to return an execution, cannot object that the same was irregular; the more especially if it appears upon its face to be regular, and the clerk issuing the paper recognizes it as his official act.

13. Where a notice to a sheriff describes the execution as a writ of *fieri facias*, this is sufficient to indicate that it issued against the "*effects*," and not the "*person*."

14. Where a notice to the sheriff described the execution as having issued against W. M. and W. F. E. but, when produced, it appeared to have issued against W. W. M. and W. F. E. the variance was held to be immaterial.

15. The omission of the jury to take with them, from the bar, the defendant's pleas, is no objection to their verdict.

McRae, *et al.* v. Colclough.

This was a summary proceeding in the Circuit Court of Pike, at the suit of the defendant in error, against Duncan McRae, as sheriff of Barbour, and his co-plaintiffs, (sureties in his official bond.) The notice, which was the first process in the cause, is in these words, viz:

"*The State of Alabama—Pike County—To Duncan McRae, Sheriff of the County of Barbour.*—You are hereby notified, that during the term of the Circuit Court, holden for said county of Pike, on the second Monday in March, 1840, I shall move the said Court for judgment against you, and your securities, for the faithful performance of your duties, as said sheriff, for the amount of a writ of *fieri facias*, issued from the office of the Circuit Court of said county of Pike, in favor of Richard A. Colclough, against William McMahan and William F. Evans, for the sum of four thousand and eighty-nine dollars, damages and costs. Which said writ of execution issued on the sixth day of April, 1838, and was on the nineteenth day of June, 1838, placed in your hands, then being sheriff as aforesaid, to execute and return according to law—said execution being returnable to the Circuit Court of said county of Pike, to be holden on the first Monday in September, 1838—which said writ of execution you failed to return according to law.

GEO. GOLDTHWAITE, *Plff's. Att'y.*"

This notice was executed on Duncan McRae, on the 17th September, 1839, by the coroner of Barbour; and he appeared and pleaded six several pleas:

I. The writ of execution, referred to in the plea, was not issued by the clerk, who purports to have subscribed the same, or by a lawfully authorized deputy.

II. There was no failure to return the writ of execution according to law.

III. The plaintiff in the execution waived the due return thereof, and consented that the same might be returned to the first day of the court to which it was returnable, and it was so returned.

IV. The plaintiff in execution consented that the same might be returned at any convenient time during the term to which it was returnable, and it was so returned.

V. The plaintiff in execution is, and was, insolvent, during the time the same was in force, and that he did not pay, or offer to pay, or secure to the sheriff, the fees for executing it; so that the means to defray the expense for returning the execution were wholly unprovided.

VI. The defendant below was sheriff of a county, other than that from which the execution issued, and that from the press of his official business, he could not return it earlier than the first day of the term to which it was returnable, and that on that day he did return it.

To the fifth and sixth pleas the plaintiff demurred, and his demurrer was sustained. Thereupon the cause was submitted to a jury, who returned a verdict in favor of the plaintiff below, on which a judgment was rendered, which, after setting out the names of the parties thus, "Richard A. Colclough v. Duncan McRae, late sheriff of Barbour County, Thomas McLure, William Cooper, Samuel N. Brown and Francis W. Pugh, his securities," recites that the said plaintiff and said McRae came by attorney, and proceeds as follows: "And the said plaintiff having given more than three days' notice to the said McRae, that during the term of the Circuit Court to be holden for the county of Pike, in said State, on the second Monday in March, 1849, that he would move the said Court for judgment against said McRae, sheriff as aforesaid, and his securities, for the faithful performance of his duties as said sheriff, for the amount of a writ of *fieri facias,* issued from the office of the clerk of the Circuit Court of the said county of Pike, in favor of the said Richard A. Colclough, against William McMahan and William F. Evans, for the sum of four thousand and eighty-nine dollars, damages, as also costs. Which said writ of execution issued on the 6th day of April, 1838, and was on the 19th June, 1838, placed in the hands of the said McRae, who was then, and from thence until the return day of said execution, sheriff of the said county of Barbour; said execution being returnable to the Circuit Court of Pike, to be holden on the first Monday in September, 1838. Which said writ of execution the said McRae, sheriff as aforesaid, failed to return, agreeably to the mandate thereof, and according to law. And the facts in said notice being put in issue by said McRae, thereupon

McRae, *et al.* v. Colclough.

came a jury, to wit, &c., who upon their oaths do say, that they find the issue in favor of said plaintiff, and the facts as above specified, in said notice, true; and it appearing, also, further, to the Court, that the said Cooper, McLure, Brown and Pugh, were, at the time of the delivery of the said execution to the said McRae, and from thence until the return day of the same, his securities for the faithful performance of his duties as sheriff, as aforesaid—it is therefore considered by the Court, that the said Colclough recover of the said McRae, sheriff as aforesaid, and the said McLure, Cooper, Brown and Pugh, his securities as aforesaid, the sum of four thousand and eighty-nine dollars, being the amount of said execution and the costs of this motion."

In the record we find a bill of exceptions, sealed by the Judge who presided at the trial, in which it appears that sundry questions of law were raised in the Circuit Court, by the defendant, all of which were decided against him.

1st. It was objected that the writ of execution for which the sheriff of Barbour was charged with a failure to return, was not issued by the clerk, or a lawfully appointed deputy, but by one previously appointed a deputy, who had never taken the oath prescribed by the statute.

2d. That the notice did not correctly describe the execution, in setting out the names of the defendants therein and its amount, and in stating that it issued against the defendants instead of their goods and chattels, &c.

3d. It was also insisted that if the sheriff, during the time the writ of execution was in his hands, had as much official business, from the Courts of his own county, as himself and deputies could perform, and was advised by counsel that if he returned the execution to the first day of the Court to which it was returnable, that this would be a sufficient compliance with the law—and, in obedience to such advice, did so return it, then the plaintiff could not recover.

4th. After the jury had come into Court with their verdict, it was ascertained that they did not take with them the defendant, McRae's, pleas, but that they remained upon the clerk's table; thereupon it was objected by the counsel of McRae, that the verdict could not be received.

The sheriff and securities, against whom the judgment was rendered, have joined in the prosecution of a writ of error, and here assign for error—

1. That the notice is uncertain and insufficient.

2. That the judgment on demurrer is erroneous in determining the pleas to be bad, when the notice itself was defective.

3. The Court erred in rendering judgment against the securities, without either a notice to, or an appearance by them.

4. The Court erred in rendering judgment against the sheriff and his securities upon the verdict, because it was uncertain and insufficient, and does not respond to the issues.

5. The Court erred in the several decisions shown by the bill of exceptions.

DARGAN & BUFORD, for the plaintiff.
GOLDTHWAITE, for the defendant.

COLLIER, C. J.—1, 3.—In Hill v. The State Bank, 5 Porter's Rep. 537, it was held that in a summary proceeding against a sheriff for a failure to return an execution, the notice should indicate by its terms, whether the judgment sought to be recovered, was such as is authorized by the act of 1807, or by that of 1819. That the liability, imposed by these statutes for such a default being different, and under each highly penal, it was the duty of the plaintiff to inform the defendant under which he would proceed; and that the want of particularity in that respect was fatal to the judgment.

The notice in the present case, in stating that the motion would be made against the sheriff and his securities, "for the amount of a writ of *fieri facias*," &c., sufficiently shews, that the proceeding was instituted under the act of 1819. [Aik. Dig. 164.]

It has been repeatedly holden that the eighteenth section of the act of 1819, "to provide for the appointment of county officers, and for other purposes," subjects a sheriff and his securities to a judgment for failing to return an execution, upon three days' notice of the motion, having been given *either* to the sheriff *or* his securities. [Neale, et al. v. Caldwell, 3 Stewart's Rep. 134; McWhorter, et al. v. Marrs, Minor's Rep. 376;

McRae, *et al.* v. Colclough. ·

Broughton, et al. v. The State Bank, 6 Porter's Rep. 48; Mason, et al. v. Parker, 1 Ala. Rep. N. S. 684.]

As the notice was not addressed to the securities, and was not to be executed upon them, it was not necessary that they should be particularized by name. This was not necessary to enable them, or the sheriff, to avail themselves of any legal defence, nor have the rights of either of them been in any manner affected by the omission. It was quite enough when the motion was submitted to the Court, to state upon the record the names of those against whom the judgment was sought.— The notice describes the execution, which it alleges not to have been returned, by stating the names of the plaintiff and defendants, its amount, and the time of its issuance and receipt, and when returnable, as well as the Court from whence it issued. This was sufficient to have enabled the sheriff to have informed his securities of the proceeding against them, and though he had executed more bonds than one, yet, as the notice alleged the time when the execution was received and should have been returned, he would have no difficulty in ascertaining which of his securities it was intended to charge.

But it was argued for the plaintiff in error, that the notice is defective because it is not dated, because it states that a motion will be made at a term of a court, and not on a particular day of that term, and because it is signed by the attorney for the plaintiff in the motion, instead of the plaintiff himself.

It is not essential to the notice that it should have been dated, as the return of the coroner sufficiently shews when it was served. There is no statute which requires the notice to designate the day of the Court on which the motion will be made, and the practice has not been uniform in this respect. In some notices a particular day has been mentioned, while in others it is stated that the motion will be made during the term.— [Broughton, et al. v. The State Bank, 6 Porter's Rep. 48; Hill v. The State Bank, 5 Porter's Rep. 537.] Notices at the suit of a bank, generally issue in the latter form, and have been sustained; and we can discover no sufficient reason for the application of a different rule to a case like the present.

The statute under which this proceeding is had, enacts that the person aggrieved may move against the delinquent

sheriff, "and have judgment against such sheriff and his securities in office," &c., "upon giving three days' notice of such motion, to such delinquent sheriff, or his securities in office," &c. It is not expressly said whether the notice shall be given verbally or in writing, or whether it shall emanate directly from the person aggrieved, without the intervention of an agent or attorney. As, then, the act contains no prohibitory terms, we think it competent for the plaintiff in the motion to depute an attorney to represent him, either in issuing a notice or in the subsequent proceedings of the cause.

2. By the first section of the act of 1821, "concerning writs and executions" [Aik. Dig. 279.] it is made "the duty of the Sheriffs in the several counties in this State, to return all writs and executions to the clerk's office, from which they shall issue, at least three days previous to the term of the Court to which they shall be returnable ; and if any sheriff shall fail to return any writ or execution, according to the provisions of this act, he shall be liable to all the penalties, provided by the law now in force, for failing to return any writ or execution to the first day of the term of the Court to which they are returnable." This act is imperative in its terms, and it is no excuse for a failure to comply with its mandate, that the plaintiff in execution did not pay or secure, or offer to pay or secure, to the sheriff, the fees which accrued to him, for receiving and returning it. There is no law which authorized the sheriff to make such a requisition, and it would, consequently, be merely gratuitous.

It is no answer for a sheriff, who has failed to perform his duty, to allege that, he has more official business than himself or his deputies could perform. Such an excuse, if tolerated in any instance, would often be made without any just foundation. In a county, in which the duties of sheriff are so oneous, the office must be profitable, and there can be no difficulty in procuring as many competent assistants, as are necessary. The Circuit Court then, properly sustained the demurrer to the fifth and sixth pleas of the sheriff.

It was argued for the plaintiffs in error, that the act of 1807, which declares that no "person shall be prosecuted for any fine or forfeiture under a penal statute, unless the prosecution

for the same shall be instituted within twelve months from the time of incurring the fine or forfeiture aforesaid," Aik. Dig. 122. was an available bar to the proceedings against them. That as the statute of limitations need not be pleaded in a proceeding for the recovery of a penalty, the court should have visited the demurrer to the fifth and sixth pleas, upon the notice; because it shewed that the penalty had occurred more than twelve months before the same was issued. Without stopping to inqure whether the act cited, ever was applicable to a case like the present, we are sure that it is not at this day.

By the first section of the act of 1832, "to limit actions against securities of officers," it is enacted that "No action, suit or motion shall be maintained against the security or securities of any sheriff, constable, or other public officer of this State, for any misfeasance, malfeasance, or other cause whatsoever, hereafter committed, unless the same be commenced, and prosecuted within six years next after the commission of the act complained of; or if the claim be in favor of an infant, or person *non compos mentis,* or other person disabled by law from bringing suit, then within three years after such disability to sue, shall cease to exist: *provided,* that this limitation shall not be extended or applied to any action, suit, or motion, which may be maintained by law, against such officer, his executors, administrators, or heirs." The terms of this act are very broad, and extend as well to a *nonfeasance,* as to a misfeasance, or malfeasance. The *proviso* seems to indicate, that the limitation provided by the act, should not be available for the officers themselves. From this we infer, that it was not the intention of the legislature to prescribe, as to them, any limitation. It cannot be allowed, unless under the influence of express legislation, that the act in regard to fines and forfeitures, should be pleaded, otherwise the strange incongruity would follow, that the securities would be liable, five years beyond the period, when proceedings against their principal would be barred.

4. The verdict of the jury, as recited in the judgment entry, not only finds the issues in favor of the plaintiff below, but also that the facts stated in the notice are true. The jury then, respond not alone to the facts put in issue by the pleas, but

affirm the truth of others, which perhaps the state of the pleading impliedly admitted. It cannot be regarded as an objection, that their verdict is too broad, if every thing essential is concluded by it. The intendment of law is certainly in favor of it. [Tippen v. Petty, 7 Porter's Rep. 441. Mason *et. al.* v. Parker, 1 Ala. Rep. N. S. 684.]

The securities did not appear and plead to issue, so that it was not a fact triable by the jury, whether they were the securities of the sheriff; yet it was essential to a recovery, that this fact should have been shewn affirmatively. Now in a proceeding of this character, if the defendants in the motion do not make up an issue for the jury, the facts alleged by the plaintiff may be determined by the Court. Here there was no issue as to the fact of suretyship; hence it was incumbent upon the plaintiff below, to prove it to the Court. This was done; and every other material fact not submitted to the jury seems to have been thus established. McWhorter *et. al.* v. Marrs, Minor's Rep. 376.

5. A sheriff, against whom a recovery is sought for the failure to return an execution, cannot be allowed to object, that the execution was irregular. If it appears upon its face, to be regular, and the clerk issuing it, tacitly or impliedly recognizes it, it cannot be regarded as an unofficial paper. Anderson v. Cunningham, Minor's Rep. 48.

The objection that the notice did not correctly describe the execution offered in evidence, and that therefore, it should have been excluded, was not well taken. The notice designates the execution as a writ of *fieri facias*, and this is sufficient to shew that it issued against the "effects" and not the "person."

In McMahan & Evans v. Colclough, at the present term, it was held to be no objection to the execution, even on a motion to quash, that it issued against "William W. McMahan," when the judgment was against "William McMahan." Upon the same principle, the execution is admissible in evidence, under the notice, although the notice omits to state the initial of the middle name of that defendant.

We have seen that the press of official business did not constitute an available defence to the motion, by the sheriff. And

the mere omission of the jury to take with them, from the bar, the pleas on which their verdict was rendered, did not authorrize the Court to reject the verdict as irregular. If the party pleading desired it, it was easy for him to have handed his pleas to the jury. Not having done so, he cannot object to their verdict for that cause.

Upon an examination of all the questions raised, we are of opinion that there is no error, and the judgment is consequently affirmed.