## HODGES, ET AL. v. LAIRD.

1. The pendency of a suit, or of a rule, against the sheriff does not deprive a court of its power to permit him to amend the return by which he is sought to be charged, however such a circumstance might induce the imposition of terms on the sheriff; and the amended return operates on the suit, or rule, as if made in that form in the first instance.

2. When the sheriff has committed a default with relation to an execution, by which he is chargeable in a prrticular mode, and he afterwards promises to pay the sum for which he is liable, these facts will not warrant a rule for failing to pay over money as *actually collected*, when in point of fact the default was in *not making* the money. The promise to pay under such circumstances, refers itself to the actual default, and is not in the nature of a declaration, which has induced the plaintiff to sue in a particular form of action,

Writ of Error from the Circuit Court of Barbour.

Motion against Hodges, the sheriff of Barbour, and his sureties, for failing to pay over money collected on a *fi. fa.* issued at the suit of Laird against one Richburg. At the hearing of the motion, the sheriff moved the court to amend his return on the *fi. fa.*, and it being made to appear that certain land sold by the sheriff, as shown by his return, had never been paid for by the purchaser, leave was granted to amend the return so as to show that fact. The plaintiff was present, and objected to allowing the amendment, whilst the motion was pending. The plaintiff put in evidence the return of the sheriff, from which it appeared that certain lands of the defendant in execution were sold by the sheriff, for

$48 98, but that the purchaser had not paid over the purchase money. The plaintiff also proved the sheriff promised him to pay the said sum of money, in respect of the proceeds of said land. The defendant proved by the purchaser, that the latter had never paid the purchase money.

The defendant asked the court to charge, that he was not liable in this form of action, unless he had actually collected the money. This the court refused, and charged, that if the jury believed that the defendant had elected to credit the purchaser, and stepped in his stead, assuming to the plaintiff the amount of the bid, the sheriff was liable in this action, although in fact, he may never have collected the money of the defendant in execution. The defendant excepted to this charge, and to the refusal to charge as requested.

A verdict being returned for the plaintiff, the official bond of the sheriff was produced to the court, and the judgment entry recites, that for that it was manifest to the court that the said defendants *had* subscribed their names to the bond as aforesaid, and *was* his sureties. A judgment was therefore rendered against the sheriff, and other parties, for $48 98 together with $115 20 damages, for the detention of the other sum after demand.

It is now assigned as error, that the court erred—

1. In the charge given to the jury, and in the refusal to give that asked for.

2. In rendering judgment against the sureties, inasmuch as the record does not disclose they were so at the time of the default.

BUFORD, for the plaintiff in error, insisted, the sheriff was not liable to the specific penalty for failing to pay over money *collected*, as he showed the money never had been *collected*. It is true, he might be liable for his neglect to make the money, or upon his promise to pay, but not in this form of action.

2. In cases of this nature, nothing can be taken by intendment; the record should, but does not, show the sureties were so at the time of the default.

J. COCHRAN, contra, argued, that the return that the land

was sold, was conclusive on the sheriff, and by his subsequent promise to pay it, the plaintiff was induced to enter the motion. The amendment made during the trial, ought not to have been allowed, and cannot prejudice the motion.

GOLDTHWAITE, J.—1. Our statutes give a summary remedy against sheriffs and their sureties, for failing to return executions, for failing to make the money when by the use of due diligence it may be made, and for failing, after demand, to pay over money collected. In the last case, a penalty is imposed of five per cent. per month on the sum collected, for each month the sheriff may continue in default, after the demand. It is obvious this penalty should be recovered only in cases where the money is actually collected, as there are ample remedies for the mere neglect of duty in other respects. In the present case, it seems a return was made, from which the inference could be drawn, that the price for which the land was sold was paid to the sheriff, and so long as this remained, we may concede it was conclusive on the sheriff; but the court allowed an amendment to be made during the trial, in accordance with the fact then established, that is, that no money in point of fact was paid by the purchaser. It is true, this amendment of the return was resisted by the plaintiff, but certainly the court was not deprived of its power in this respect, by the circumstance that a suit was in progress against the sheriff. This might induce the imposition of terms, such as satisfaction for the actual default of the sheriff, in not making the money, or the payment of the costs of the suit then in progress, or a consent that the plaintiff should shape his motion for the default in not making the money, or indeed any other conditions to advance the ends of justice, but the amendment when made was, to all intents and purposes as if in that form in the first instance. [2 Stew. 255; 4 Ala. R. 334.]

2. The return being out of the case, it rested with the sheriff's promise to pay the plaintiff the sum for which the land was sold, in connection with the previous default of the sheriff. We say in connection with the previous default, for we apprehend a mere naked promise, without some previous liability, would not be sufficient to sustain an action in this,

Hodges, et al. v. Laird.

more than any other case. What then was the default to which the promise was referable ? Certainly not the omission to pay over money which the sheriff had collected, but to money which the officer was liable to pay for his omission to make the proceeds of the lands by the use of due diligence. If the motion was for that particular default, it is highly probable the party would not be allowed to show his liability in another mode to prevent a recovery in that. The case of Cook v. Bloodgood, 7 Ala. Rep. 683, is an illustration of the doctrine of estoppel, arising from declarations inducing the plaintiff to sue in a particular mode. There a law partnership received certain notes of one of the partners from the sheriff in discharge of an execution which the officer returned satisfied, and for which the receipt of the firm was given. This receipt was held to conclude both partners, and that although the mode of payment was not within the scope of the partnership, yet the injured partner could not. set this up to defeat a suit of the client for money had and received. All the cases of this class—see them collected in. Cowen & Hill's Notes, 205—seem to rest upon the principle, that when the plaintiff has a right of action against some one, or in some mode ; and when a suit is induced by the declarations of the defendant, he will not afterwards be permitted to defeat an action rightfully instituted by showing that some other person is liable, or himself in some other mode. In this case the promise to pay did not, nor could induce this particular action, as in this form it rests on the fact, that money has been collected. The promise as we have seen, refers itself to the default in not collecting the money.

In this view it is clear the court should have given the charge which the defendant requested, and erred in that on which the cause was submitted to the jury.

We omit to notice the point made with relation to the supposed defect of the judgment against the sureties, as it is unnecessary from the conclusion on the other points.

Judgment reversed and cause remanded.