## NIOLIN vs. HAMNER.

1. A sheriff may, by leave of the court, amend his return on an execution, pending a motion against him for failing to pay over the money collected on it.

2. A levy and sale of property under execution is a satisfaction of it *pro tanto*, if the property is subject to the execution; but if it is not in fact subject, the party having the better legal right may appear before the court, and claim the money, which is then no satisfaction of the execution, nor even a credit to be applied to it.

ERROR to the Circuit Court of Wilcox.

Tried before the Hon. EZEKIEL PICKENS.

This was a proceeding by way of rule or motion in the court below, against the defendant in error as sheriff of Wilcox county, for failing to pay over money alleged to have been collected by him on an execution in his hands in favor of the plaintiff in error against one Williams. The defendant acknowledged service of the notice of said motion, and appeared in

court, and moved for leave to amend his return on said execution; the court granted him leave, and he accordingly amended his return on the execution above named, as well as on one other also in his hands at the same time against said Williams.

The record shows, that the plaintiff's motion was then submitted to the jury on issue joined, and a verdict was returned for the defendant. A judgment was thereupon rendered against the plaintiff for costs of the proceeding.

On the trial of the said motion, a bill of exceptions was taken, by which it appears, that while the executions above named were in the defendant's hands, he levied on fifteen bales of cotton, as the property of the said Williams, and sold the same for $420. The plaintiff's execution was for the sum of $398$\frac{38}{100}$, with interest from the 5th of October, 1851, with $8$\frac{25}{100}$ costs. This execution came to the defendant's hands on the 27th of October, 1851, and was returned by him with the following endorsement, viz: "This *fi. fa.* is entitled to a credit of $166$\frac{99}{100}$ from the proceeds of fifteen bales of cotton, from a balance left in my hands after paying two other *fi. fas.* in my hands, Dec. 13th, 1851; also all costs up to this date, Dec. 13th, 1851."

(Signed)     "GEO. M. HAMNER, Sh'ff."

One other execution, in the case of The State v. Walker Williams et al., was in the sheriff's hands at the time of the sale of the cotton, which was for the sum of $20 fine, with $55$\frac{56}{100}$ costs. This execution was issued and received by the sheriff the 4th day of November, 1851, on which was found the following return, viz: "Satisfied this *fi. fa.* from the proceeds of the sale of fifteen bales of cotton, levied on under another *fi. fa.*, Dec. 13th, 1851.

"GEO. M. HAMNER, Sh'ff."

The plaintiff claimed that the whole of the proceeds of the cotton belonged to his execution, and a motion to have the proceeds thus applied was incorporated in his motion against the defendant. The sheriff asked and obtained leave of the court, on a showing made by him for that purpose, to amend his returns on the foregoing executions, so as to make them read that there was no property of defendant, Williams, found in his county, out of which to make the money which they called for.

The sheriff showed to the court, as a predicate for the leave which he obtained to amend his return, that when he levied on and sold said cotton, he believed it to belong to said Williams, it being marked in his name; that after said cotton was sold, and the money in his hands, the said Williams, in his character of trustee for his children, notified him that the cotton was not his in fact, but belonged to him as said trustee for said children; and he claimed the proceeds as such trustee, and forbid his paying the proceeds to any other person; that he investigated the facts on which the claim was based, and found it to be, as he believed, a valid and legal claim, and to this effect was he advised by his counsel.

The court, on this showing, granted the leave to amend the returns as aforesaid, and decided that the plaintiff could not succeed on his motion on the facts then before the jury.

To the ruling of the court in permitting the defendant to amend his return as aforesaid, and also on the plaintiff's motion on the facts in evidence, the plaintiff excepted, and here assigns the same for error.

GEO. W. GAYLE, for plaintiff in error:

1. A levy may be made on property exempt from execution, unless defendant asserts his privilege.   10 Ala. 370.

2. As to money collected and not paid over, see 9 Ala. 484; 13 ib. 360; ib. 526.

3. The defendant in execution is discharged by the levy, sale and return of satisfaction.   18 Ala. 672; 14 ib. 49; ib. 541; 9 Johns. R, 96.

4. It cannot be said that the return is a mistake.   6 Ala. Rep. 248.

5. As to sheriff's amending his returns, see 7 Ala. 830; but it will not relieve him from liability.   6 Ala. 248; 16 ib. 243; 4 Ark. 184.

6. See Clay's Digest, 217 § 81; ib. 218 § 83.

7. See 3 vol. U. S. Digest, 436 § 198; ib. 437 § 233.

8. The judgment is against Niolin for costs, and this is clearly error.   16 Ala. 614.

WATTS, JUDGE & JACKSON, contra:

1. The pendency of a suit or motion against a sheriff does

not deprive the court of the power to permit him to amend his return, by which he is sought to be charged; and the amended return operates as if made in the first instance. 10 Ala. 678; 16 ib. 605; 7 ib. 830; 4 ib. 534.

2. This power was rightfully exercised in this case; but if it was not, it is a discretionary power, the exercise of which is not revisable on error. If the court should refuse to exercise it in a proper case, *mandamus* would lie to compel its exercise. If an amendment were improperly allowed, the sheriff would be liable on the false return. In this case, if the property was really liable to the execution, the sheriff would be liable for not having made the money, notwithstanding his amended return.

GIBBONS, J.—The cases of Hodges et al. v. Laird, 10 Ala. 678, and Governor, &c., v. Bancroft et al., 16 Ala. 605, are entirely decisive of the question as to the power of the court to permit the sheriff to amend his return; and such amended return, when made, relates back to the date of the original return, and is in all respects substituted for it. After the return of the sheriff in the present case was amended, then the plaintiff had no evidence from it upon which to base his motion. He was proceeding upon a rule against the sheriff for not paying over money collected on an execution, when the return of the sheriff, after it was amended, showed that no money whatever had been collected.

But it is insisted, that the facts of the case did not authorize the court to grant leave to the sheriff to amend his return; that although the return was amended, still, the rights of the parties were not changed thereby, inasmuch as there had been a sale of the property levied on, without any claim put in, or motion from any one that it was not liable to the execution; and that the sale of the property, under such circumstances, was a satisfaction of the execution, to the extent of the nett proceeds of the sale.

It is undoubtedly true, as a general rule, that when property is levied on and sold under an execution, it is a satisfaction of the execution, to the extent of the proceeds of the sale; but this principle only applies where the property so levied on and sold is subject to the execution. The rule

would doubtless be the same, if the property levied on and sold was not, in strict law, subject to levy and sale, if the real owner did not appear before the proceeds were appropriated and paid over. But when money is realized from a levy and sale of property, not in fact subject to the particular execution under which it is sold, the party having the better legal right can, at any time before the money is paid over, appear before the court and claim the money; and in that case, it is no satisfaction of the execution under which it was sold, or even a credit to be applied to it. This often happens, as between creditors of the same debtor. Although property may be sold under a junior judgment or execution, a creditor having an older lien may come in and take the money. Campbell, use, &c., v. Spence, 4 Ala. 543. We see no reason why the same principle would not apply, where the sheriff had sold property in which the defendant in execution had no interest whatever. If the real owner chooses to waive the tort of the sheriff, and claim the money in his hands, if his claim is founded in right, the sheriff, in our opinion, may submit to his demands, pay him the money, and thereby avoid the liability that he had incurred by the sale of the property. This line of conduct the sheriff could adopt only on his own responsibility. If the property was in fact subject to levy and sale under the execution, the plaintiff has his remedy by proceeding against him for a false return. But the mere fact that the property has been sold by the sheriff, does not, in our opinion, necessarily operate a satisfaction of the execution under which it was sold, to the extent of the proceeds of the sale; nor does it place the funds necessarily beyond the control of the sheriff, so that he cannot give them to the rightful owner.

There is no error in the record, and the judgment of the court below is affirmed.