# Daniels *et al. v.* Hamilton.

### *Summary Proceeding against Sheriff and Sureties.*

1. *Demurrer ; when must be overruled.* — Under our statutes a demurrer to pleadings, which, though defective in other respects, are not obnoxious to any of the specified grounds, must be overruled.

2. *Motion in summary proceeding ; when demurrable.* — The motion in a summary proceeding against the sheriff and his sureties, for his failure to make money on an execution, should disclose the name of all the parties against whom judgment is sought, and failing in this is bad on demurrer.

3. *Same ; when judgment against sureties erroneous.* — Where the sureties neither appear nor plead, judgment cannot be rendered against them, without proof of the suretyship.

4. *Same ; amount of damages allowed.* — Ten per centum damages on the amount of the execution and interest is the maximum allowed by law in this proceeding.

5. *Sheriff's return ; amendment of.* — The sheriff may amend his return so as to make it speak the truth, and the amendment when made relates back to the date of the original return, and is substituted for it.

6. *Residence ; presumption as to.* — Residence or non-residence is a fact in its nature continuous, and when once proved to exist, will be presumed to continue until the contrary is made to appear.

7. *Exemption ; how claimed and what not waiver of.* — A defendant in execution may claim property as exempt at any time before sale, and does not waive or lose this privilege by giving a bond for the forthcoming of the property, after the levy on it.

APPEAL from Circuit Court of Cherokee.

Tried before Hon. W. L. WHITLOCK.

This was a summary proceeding commenced by the appellee, Hamilton, by motion in the circuit court, against Daniels, the sheriff, and his sureties, for his failure, from want of due diligence, to make the money on a certain execution placed in his hands against William Johns and George Agnew.

The motion was directed to the sheriff, by name, "and his sureties," without anywhere stating their names. It states that there was indorsed by the clerk on the *fi. fa.*, "No security of any kind can be taken on this execution," and that with proper diligence the money could have been made out of the property of the defendants.

The sheriff alone appeared. He demurred to the motion : 1. Because it was not alleged that there was any judgment authorizing the execution. 2. Because there was no judgment or forfeited bond authorizing the issuance of execution against said Johns and Agnew. 3. Because the bond on which the execution issued is void. The court overruled the demurrer,

[Daniels *v.* Hamilton.]

whereupon the sheriff pleaded, that " the execution upon which the rule is based was improperly and illegally issued, because the bond upon which it purports to be issued was not in fact and in law forfeited," with leave to give in evidence any matter which might be specially pleaded in bar.

It appears from the evidence that an execution, issued from the circuit court, in favor of the plaintiff in the motion and against William Johns, was placed in the hands of the sheriff. Afterwards he made a return that he had levied the *fi. fa.* on certain personal property of the defendant. About a month thereafter he returned a replevy bond, executed by said Johns and one George Agnew, for the forthcoming of the property, with this indorsement : " This bond I return forfeited." Some time after this, the sheriff amended his return on the execution and the forthcoming bond by leave of court, so as to show that the property levied on was claimed as exempt by the defendant in execution, and upon his written affidavit of exemption, presented before sale, the property was returned to him, and that the delivery bond was returned without a sale, and that the defendant had no other property in the county.

The plaintiff read in evidence the *fi. fa.* and the forthcoming bond, with the original returns of the sheriff thereon, in connection with proof that at the time the execution was put in the sheriff's hands the money could have been easily made out of the property of Agnew. The defendant then introduced the amended returns, and offered testimony going to show that shortly before the execution was placed in his hands, the defendant Johns was a resident citizen of the State and county, and had been for some time previous. The presentation of the affidavit of exemption by the defendant on the day of sale, before sale hours, and the delivery of the property to him, were proved. There seems to have been no question to the right of the defendant to the exemption, except upon the ground that he was not a resident. There was no appearance for, or proof of suretyship of, certain parties, mentioned in the margin of the judgment entry as sureties of the sheriff, and against whom, as well as the sheriff, judgment was rendered, on verdict of the jury, for the amount of the execution, eight per cent. interest, and twenty per cent. damages, the amount claimed in the motion. The bill of exceptions purports to set out all the evidence.

There were various exceptions reserved to the ruling of the court below upon the admission of evidence and to charges given and refused, two only of which need be noticed.

The court charged the jury " that the amended returns made in the *fi. fa.* and bond did not render the execution issued on the forfeited bond void or illegal ; that the amended re-

turns related back to the original returns, but were not substituted for them, and did not overrule the return of forfeiture made by the sheriff." To the giving of this charge the defendant duly excepted. He also excepted to the refusal of the court to give the following written charge: " 6. If the jury are satisfied from the evidence that the defendant in execution, Johns, was, prior to the time of filing his claim to the property levied on under the *fi. fa.* offered in evidence, a resident of the State of Alabama, the presumption of law is that he continued to be a resident of Alabama until the contrary is satisfactorily shown by proof."

The ruling upon demurrer, the charge given and the refusal to charge as requested, and the judgment rendered, are now assigned as error.

M. J. TURNLEY for appellant. — The demurrers should have been sustained, for the amended return showed that the bond on which the execution issued had not been forfeited. The charge given was erroneous. The amended return relates back to the original, and is in all respects substituted for it. 10 Ala. 672 ; 16 Ala. 605 ; 4 Ala. 534. The exemption could be claimed at any time before sale, and the release of the property was therefore lawful. *Ross* v. *Hanna,* 18 Ala. 125 ; *Jourdan* v. *Autry,* 10 Ala. 276. This last authority shows that giving bond was not a waiver of exemption. The sixth charge should have been given ; it is certainly not abstract. There is no authority for twenty per cent. damages.

J. B. WALDEN & COOPER, *contra.* Appellee's brief did not come into reporter's hands.

JUDGE, J. — It is not necessary, in a proceeding like the present, to particularize by name in the *notice* the securities of the sheriff. But in the *motion* submitted to the court, the names of all the parties against whom judgment is sought should be stated. *McRae* v. *Colclough,* 2 Ala. 74. There was an omission to do this in the present case, and if, in the demurrer to the motion, the defect of this omission had been specified, the demurrer would have been well taken. The court was prohibited by statute from the consideration of any objection not specifically named, and therefore committed no error in overruling the demurrer.

It appears from the record that the sheriff alone pleaded to the motion ; this made it necessary, before any judgment could be rendered against his sureties, that the fact of their suretyship should be proved. The bill of exceptions purports to set out all the evidence introduced on the trial of the cause, and

[*Daniels v. Hamilton.*]

it does not appear that any proof was made of this fact. Judgment was rendered against the sheriff and two other persons, stated in the marginal entry to be sureties of the sheriff; this was error on the part of the court. *McRae* v. *Colclough, supra; Harris et al.* v. *Bradford*, 4 Ala. 214.

The judgment was erroneous for another reason; it was rendered for the amount of the execution, interest, and *twenty*, instead of *ten* per centum damages thereon, — the latter being the maximum amount of damages incurred by a sheriff for a failure to make the money on an execution, which by due diligence could have been made. Rev. Code, § 3033.

A bond for the forthcoming of property which had been levied on by the sheriff had been returned forfeited; subsequently, by leave of the court, the sheriff amended his return so as to show that the bond had not in fact been forfeited. The defendant asked the court to charge the jury, in effect, that the amended return of the sheriff had relation to the date of the original return, and was in all respects substituted for it. This charge the court erroneously refused to give.

A sheriff is allowed to amend his return that the truth of the case may be shown; and when the amendment is made, it has relation to the state of the original return, and has the same effect as if it had been the return originally made. *Smith* v. *Leavitts*, 10 Ala. 92; *Hodges* v. *Laird*, Ib. 678; *Leavitt* v. *Smith*, 14 Ala. 279; *Niolin* v. *Hamner*, 22 Ala. 578. If the amended return is false, the sheriff is liable to the party injured in damages for the false return.

Property exempt by law from levy and sale under legal process may be claimed after it has been levied upon, and a forthcoming bond executed for its delivery. The defendant in execution may assert his privilege to have it exempted at any time before the sale. *Jourdan* v. *Autrey*, 10 Ala. 226. The charge requested by the defendant embraced in substance the legal propositions above stated, and should have been given by the court.

It was error also to refuse to give the 6th charge requested by the defendant. When a fact which is in its nature continuous is proved to exist, — and such is the nature of the fact of residence or non-residence, — its continuance may be presumed. 1 Brickell's Dig. 806, § 32.

For the errors we have named, the judgment must be reversed and the cause remanded.