(78 South. 905)

NEWCOMB BROS. WALL PAPER CO. v. WIGGINS. (8 Div. 113.)

(Supreme Court of Alabama. April 25, 1918. Rehearing Denied May 30, 1918.)

1. SHERIFFS AND CONSTABLES ⊂⊃106—FAILURE TO MAKE LEVY—NEGLIGENCE.

Where sheriff is called upon to levy execution upon property he is not liable for negligence in failing to make levy where there was no property on which to levy, or where by the exercise of reasonable diligence he could have found no such property.

2. EVIDENCE ⬅➙83(7)—PRESUMPTION—REGU-
LARITY OF PROCEEDINGS OF SHERIFF.

In an action against a sheriff for failure to
levy execution, the burden of proving negligence
and damages resulting therefrom is upon the
plaintiff; the presumption being that the sheriff
performed his official duty.

3. EVIDENCE ⬅➙83(7)—PRESUMPTION—OFFI-
CIAL DUTY—SHERIFF.

A sheriff will be presumed to have exercised
due diligence in the execution of a writ of sei-
zure.

4. SHERIFFS AND CONSTABLES ⬅➙138(3)—AC-
TION—NEGLIGENCE IN MAKING LEVY—EVI-
DENCE.

In an action against a sheriff for negligence
in making levy of execution, damages can be
proven only by evidence of the value of property
subject to execution upon which sheriff failed to
levy; evidence of value of all of debtor's prop-
erty being insufficient.

5. SHERIFFS AND CONSTABLES ⬅➙106—NEGLI-
GENCE IN LEVYING EXECUTION—LIABILITY
OF SHERIFF.

A sheriff is not liable for negligence in
failing to levy execution unless such negligence
resulted in actual damages or proximately con-
tributed thereto.

6. SHERIFFS AND CONSTABLES ⬅➙140—ACTION
— NEGLIGENCE IN LEVYING EXECUTION —
QUESTION FOR JURY.

In an action against sheriff for negligence in
levying execution, whether sheriff was guilty of
negligence resulting in actual damages to plain-
tiff is a question for jury.

7. SHERIFFS AND CONSTABLES ⬅➙138(1)—EX-
ECUTION—PRESUMPTION.

Property upon which sheriff levies execution
is prima facie subject to execution, but evidence
to the contrary may rebut this presumption, and
show property to be in fact exempt from execu-
tion.

Appeal from Circuit Court, Morgan Coun-
ty; Osceola Kyle, Judge.

Action by the Newcomb Bros. Wall Pa-
per Company against James H. Wiggins
as sheriff, for failure to execute process and
to seize property subject thereto. Transfer-
red from the Court of Appeals under section
6, p. 449, Act of April 18, 1911. Judgment
for defendant and plaintiff appeals. Af-
firmed.

The facts sufficiently appear. The follow-
ing are the charges given for defendant:

(I) You cannot find for plaintiff for the value
of any property that was subject to the writs
because of the failure to search for the prop-
erty, unless you are reasonably satisfied that
a search would have found the goods.

(E) Although Seelye may have had the prop-
erty in his possession after October 28th, and
disposed of it, yet if the sheriff was not neg-
ligent with respect to seizing such property, he
would not be liable.

The following charges were given at the
request of plaintiff:

(26) While the sheriff's liability may be only
for the value of that which he has let go neg-
ligently, yet there is a duty resting upon him
to make search for property subject to writs
in his hands, and to not only make search, but
to make diligent search, prompt search, and
vigilant search.

(27) It was the duty of the sheriff to seize
the goods under the writs in his hands, wheth-
er he had the inventory or not, within a reason-
able time after the processes came into his
hands, and if he failed to do so, he was negli-
gent, independent of any levy.

(29) Any property sold by Seelye while the
execution, issued October 28, 1902, was in the
sheriff's hands was subject to the lien of said
execution, and it was the duty of the sheriff to
have searched therefor.

(30) It was the duty of the sheriff to seek
the execution debtor, demand payment of the
execution, and search for property.

E. W. Godbey, of Decatur, for appellant.
Callahan & Harris, of Decatur, for appellee.

MAYFIELD, J. This is an action by ap-
pellant, a plaintiff in judgment against ap-
pellee, a sheriff, for failure to make money
on an execution and failure to properly and
promptly execute a writ of seizure which
came into his hands as such officer.

[1] In actions like this the sheriff is held
to the duty of exercising due diligence. Hal-
lett v. Lee, 3 Ala. 28. The sheriff is under
no duty to make a levy unless the defend-
ant in the writ owns, or at least is in
possession of, the property legally subject
to be levied on, and which by the exercise
of due diligence the sheriff can find. Unless
there be property subject to levy, within the
reach of the sheriff, and which by the exer-
cise of reasonable diligence he can find, he
is guilty of no neglect of duty in not levying.
Governor v. Campbell, 17 Ala. 566; Higdon v.
Fields, 3 Ala. App. 324, 57 South. 58.

[2-4] In actions like this the burden is on
the plaintiff, not only to show default or
negligence on the part of the sheriff, as for
which the law imposes liability, but to show
the extent of his damages, which is usually
done by proving the value of the property lia-
ble to the process, which the sheriff negli-
gently or wrongfully failed to subject to the
mandate of the process. It is not sufficient
to show the value of all the property owned
by the defendant in process, but there must
be proof as to the value of that which was
liable to the process, and which, but for the
negligence or fault of the sheriff, would or
should have been subjected to the writ.

As said by Brickell, C. J., in the case of
Smith v. Heineman, 118 Ala. 205, 206, 24
South. 364, 72 Am. St. Rep. 150, the pre-
sumption is that sworn public officers have
performed their duty in this respect, and
this presumption obtains until disproved by
him who asserts the contrary.

[5] In an action like this it is not sufficient,
to authorize a judgment against the sheriff,
to offer proof which tends to show negli-
gence on the part of such officer in connec-
tion with the execution of the process; the
plaintiff must show that the negligence or
fault of the sheriff resulted in damages to the
plaintiff, or proximately contributed thereto.

As we read this record, the trial court duly
observed these rules of law, and submitted
with proper instructions to the jury each of
the questions which was in dispute.

[6] The liability of the sheriff vel non was a question of fact for the jury, and the plaintiff was not entitled to the affirmative charge.

[7] Where the sheriff levies the process upon certain property, the presumption obtains that such property is liable to the process. The presumption, however, is not conclusive; proof may show that such property is not in fact liable. Wilson v. Strobach, 59 Ala. 488; Wilson v. Brown, 58 Ala. 62, 29 Am. Rep. 727; Abbott, Downing & Co. v. Gillespy, 75 Ala. 180; Smith v. Heineman, 118 Ala. 202, 24 South. 364, 72 Am. St. Rep. 150. In Gillespy's Case, supra, it is said: "In actions of this nature, the general rule as to damages, in the absence of statutory regulation, is that the amount to be recovered must be commensurate with the extent of the injury suffered by reason of the sheriff's unintentional default or breach of duty. The actual injury sustained by the plaintiff is, in other words. the measure of his damages. 2 Greenl. Ev. § 599; Gay v. Burgess, 59 Ala. 575; Sedgwick on Dam. 634. Hence, it is plainly competent for the defendant to show that the plaintiff has not been damnified; that he has sustained no damage for which he can justly claim compensation."

In Wilson v. Strobach, 59 Ala. 493, which was an action like this, it is said:

"The plaintiff in execution is entitled to compensation only for the damage actually sustained, and not the speculative damage. It is not to be supposed that he would have purchased property, or an interest in property, having no intrinsic value, with the view of future litigation."

Applying these principles to the case in hand and the evidence as shown by this record, the plaintiff was not entitled to the affirmative charge as for any amount of damages.

The trial court instructed the jury fully, by written requested charges, at the instance of plaintiff and defendant, and by a lengthy oral charge, and then by an additional oral charge, after the jury had been out for some time. It is needless to treat these written charges separately, those given for the defendant or those refused to the plaintiff. It is sufficient to say that they have been carefully examined, and that no reversible error is found.

Charges I and E, given at the request of the defendant, were properly given. Not only did they assert correct propositions of law applicable to the case, but they were rendered necessary to prevent certain charges, given at the request of the plaintiff, from misleading the jury.

Charges 26, 27, 29, and 30, given at the request of plaintiff, made the giving of I and E and other charges given at the request of defendant necessary.

The case has been pending in the lower courts for more than ten years. There have been three or four trials in the meantime, and hence every phase of the case has been thoroughly and repeatedly considered by counsel and the trial court; and after a careful examination of this record we find no reversible error.

It would do no good to discuss the propositions of law involved, nor the evidence. It is sufficient to say that they have all been carefully examined by us, and that we find no reversible error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.