(126 So. 634)

**FOWLER v. FOWLER.**

**6 Div. 506.**

Supreme Court of Alabama.

Jan. 23, 1930.

Rehearing Denied March 20, 1930.

J. A. Lusk, of Guntersville, for appellant.

Nash & Fendley, of Onconta, for appellee.

ANDERSON, C. J.

This is an appeal from the circuit court denying a petition for the common-law certiorari to quash the order or decree of the probate court after permitting the sheriff, or ex-sheriff, to amend his return to the summons in a lunacy inquiry against the petitioner. This case, or rather controversy, has been before the court before. Fowler v. Fowler, 219 Ala. 453, 457, 122 So. 440, 444. It was there held that the proceedings in the probate court were void because the return of the sheriff to the summons, or writ of arrest, did not show a legal execution of same, and the case was reversed and remanded to the circuit court. It now appears that while the case was still pending in the circuit court, the probate court permitted the ex-sheriff, who should have executed the process, while in office, to amend the return, and the proceedings therein were certified to the circuit court.

It has long been settled by this court that, pending an appeal, a sheriff's return may be amended with the court's permission, so as to make it speak the truth, and this may be done by the officer who personally made the service after his term of office has expired. Palatine Ins. Co. v. Hill, 219 Ala. 123, 121 So. 412, and cases cited. It has also been held that this may be done in subsequent or other proceedings when the validity of the return is involved and the amendment relates back to the original date. Niolin v. Hamner, 22 Ala. 578; Hodges v. Laird, 10 Ala. 678; Daniels v. Hamilton, 52 Ala. 108; Wilson v. Strobach, 59 Ala. 492. There may, of course, be a limitation to this rule when the rights of third persons have intervened, but no such rights are involved in the present proceeding.

It seems that the rule of record or quasi record evidence is not essential where the object of the amendment is merely to show that process was served. Palatine Ins. Co. v. Hill, supra. But if it was essential, in the case at

bar there was ample record or quasi record evidence to support the amendment. It seems that the then sheriff erroneously indorsed the return to the writ upon the notice to summons the jury, and indorsed upon the summons of the jury the return that should have been made upon the writ, though not as literal as it might have been. It recites that the writ was executed, and the only way it could have been executed was by taking the alleged lunatic, and at least affords record data to support the amendment even if it was necessary, which we need not decide.

It is next urged that the amendment could have only been properly made at the instance of the party to the cause, and not by the ex-sheriff alone. The ex-officer was vitally interested in the legality of his acts and was the proper and necessary party to make the motion, and while the party to whose benefit the amendment would accrue may have been a proper party, he was not a necessary one, and the adverse party had notice of the motion and appeared by counsel and contested same.

The writ to quash the proceeding was properly denied, and the judgment of the circuit court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.