146 So. 273

### JAFFE et al. v. LEATHERMAN.
### 6 Div. 137.

Supreme Court of Alabama.
Jan. 12, 1933.

Rehearing Denied March 2, 1933.

See, also, 222 Ala. 326, 131 So. 902.

Jas. H. Bradford and Richard H. Fries, both of Birmingham, for appellants.

Wm. S. Pritchard, J. D. Higgins, and J. W. Aird, all of Birmingham, for appellee.

THOMAS, Justice.

The effect of the allowance of an amendment of the sheriff's return on the replevin bond by a succeeding sheriff, under section 7389 of the Code, as to the delivery of the property or forfeiture of the bond by the defendant in detinue, is presented by this appeal.

The former appeal presented the question of the insufficiency of the return as originally made by Sheriff Downs, a former official of the county. Jaffe v. Leatherman, 222 Ala. 326, 131 So. 902, construing sections 7389, 7394 of the Code. May the present incumbent in that office voluntarily correct that return so as to give it the force and effect of a judgment on which process may issue under the statute, section 7394, Code?

The decisions are to the effect that such a sheriff's return in replevin must be strictly construed in its substantial compliance with the statute, and, when so construed, there must be such a conformance with the statute as to authorize and support an execution thereon. Jaffe v. Leatherman, supra; Garrett, Sheriff, v. Cobb, 199 Ala. 80, 74 So. 226.

This record shows that suit in detinue by F.

A. Leatherman was maintained to judgment against Ben Jaffe for certain "bulky" personal property (54 C. J. 640, § 411), and that the same was prevented from being taken from defendant's possession by the statutory replevin bond executed by defendant, Ben Jaffe, and Julius Jaffe and Maurice Letaw, as sureties, payable to Leatherman, and upon the condition that, "if the defendant [Ben Jaffe] is cast in the said suit, and shall within thirty days thereafter deliver the said property to the plaintiff and pay all costs and damages which may accrue from the detention thereof, then the above obligation to be void; otherwise to remain in full force and effect."

The bond, filed on June 21, 1928, was in the following terms:

"Whereas, under a writ of detinue issued in favor of F. A. Leatherman against Ben Jaffe out of the Circuit Court, the Sheriff of said County has been commanded to seize the following described property:

"One Duplex Super Reproduco Pipe Organ and Six (6) Rolls of Music, Style D. S. R. #282845, and has taken the same into his possession, and the possession of said property has been restored to the defendant on execution of this bond; now, if the defendant is cast in the said suit, and shall within thirty days thereafter deliver the said property to the plaintiff and pay all costs and damages which may accrue from the detention thereof, then the above obligation to be void; otherwise to remain in full force and effect."

The sheriff's return read:

"Thirty days having expired since judgment was rendered in this cause, the property herein replevied not having been delivered to the sheriff by either the defendant or his sureties this bond is hereby declared forfeited this February 26th, 1929.

"W. O. Downs, Sheriff,
"E. B. Turner, D. S."

The amendment allowed was:

"Made pursuant to order of Circuit Court dated Nov. 12, 1931, Thirty days having expired since judgment was rendered in this cause, the property herein replevied not having been delivered to the plaintiff by either the defendant or his sureties this bond is hereby declared forfeited this February 26, 1929.

"W. O. Downs, Sheriff,
"By E. B. Turner, D. S.

"Thirty days having expired since judgment was rendered in this cause, the property herein replevied not having been delivered to the plaintiff by either the defendant or his sureties this bond is hereby declared forfeited this 1st day of May, 1931.

"Jas. F. Hawkins, Sheriff,
"By E. B. Turner, Deputy Sheriff.

"Filed in office June 25, 1928."

And such were the indorsements on the bond.

On the 17th day of December, 1928, judgment was rendered in said suit for the plaintiff against defendant for the property, and its alternate value fixed by the jury at $1,-700, together with the sum of $400 as damages for the detention of said property; the latter sum being paid by the defendant. On February 26, 1929, Mr. Downs, as sheriff, through his deputy, E. B. Turner, entered the return on the replevin bond, as we have indicated, and that return was held insufficient on the former appeal, and the case was reversed and remanded.

On retrial of the case the sheriff in office, Hon. Jas. F. Hawkins, by E. B. Turner, deputy sheriff, voluntarily entered upon the same replevin bond, the return or entry now challenged by this appeal. This amendment was made on motion of the plaintiff and the former sheriff and his deputy.

On the 4th day of May, 1931, defendants appellants filed a motion to set aside and quash said forfeiture so entered against them in the said cause on the 1st day of May, 1931, by the incumbent in the office of sheriff, Hon. Jas. F. Hawkins, and assigned several grounds on which the motion rested to "set aside and quash" the return of forfeiture against movants as such sureties on the replevin bond. The grounds of the motion were to the effect that "said forfeiture is null and void on its face"; that there was no notice given defendants of the making of the amended return; that the succeeding sheriff in office making the last return "had no legal right, power, warrant, or jurisdiction to declare such forfeiture; * * * possessed no legal, competent evidence" or jurisdiction on which to base said forfeiture so entered; that the forfeiture "was not declared within the statutory period" after judgment against defendants, nor was the nondelivery or forfeiture "declared by W. O. Downs, former sheriff, within the time prescribed by the laws"; and "that said property referred to in said forfeiture was actually delivered or tendered (for delivery) to said plaintiff by said defendant within thirty days after the rendition of said judgment against that defendant." And on November 12, 1931, the court (under the decision in this case) granted the motion and quashed said forfeiture as originally declared by the return of Sheriff Downs.

Thereupon the record shows that on May 23, 1931, the plaintiff, appellee Leatherman, "W. O. Downs, Sheriff," and "E. B. Turner, Deputy Sheriff," filed their motion or petition, averring that the former entry of forfeiture (made on February 26, 1929) was irregular, "in that the word 'plaintiff' should have been used in lieu of the word 'sheriff' where the word 'sheriff' appears in said return immediately following the phrase 'not having been delivered to the'"; that this failure was

"due solely to a mistake and/or oversight" on the part of the sheriff or his deputy "in declaring the said bond forfeited," and was a "mere irregularity in the recital of facts" in "declaring the said bond forfeited"; and the court was moved for a permit to duly amend that return so that it would recite the fact that the property replevied was "not delivered to the plaintiff" (in lieu of the return formerly entered, that the sheriff had not had the property delivered to him by the defendant) "by either the defendant or his sureties," and that the "bond is hereby declared forfeited this the 1st day of May, 1931."

The court ordered that such amendment may be made, or was permitted to be, and was made by the sheriff in office on the date of May 1, 1931. To this action of the trial court the "defendant excepted."

The demurrer to plaintiff's petition or motion to amend contained grounds, among others, that it was barred by laches and by the statute of limitations of one year; that it did not show that plaintiff made timely demand on Downs, as sheriff, or that due proceedings were taken to command him to so amend; that it shows that plaintiff had not the right of amendment by not duly moving therefor upon his discovery of its insufficiency on February 26, 1929; and fails to allege any reason, fact, excuse, or cause for plaintiff's failure to apply for an amendment of said return between the 26th day of February, 1929 (date of forfeiture), and the 19th day of January, 1931.

There was answer, and demurrers thereto; motion to strike answer of defendant to plaintiff's and sheriff's motion to amend the return; and a motion to quash the return as amended by "James F. Hawkins, Sheriff, By E. B. Turner, Deputy Sheriff," pursuant to the motion and permission granted by the court. This will illustrate the questions presented and assigned as errors: The overruling of defendants' demurrer to the motion or petition to amend; the overruling of defendants' motion to quash the return made on May 1, 1931; the overruling of defendants' motion to quash the sheriff's return as amended pursuant to the permission of the court, voluntarily by Hon. James F. Hawkins; and in granting the motion of Mr. Downs, the former sheriff, and his former deputy sheriff, E. B. Turner, to permit the present sheriff to amend the sheriff's return made and to become effective of the date of February 26, 1929.

▆▆ We have indicated that a statutory forfeiture—as such a return—is strictly construed (Jaffe v. Leatherman, supra; Ex parte White et al. [White et al. v. Morring], 209 Ala. 95, 95 So. 495; Traweek v. Heard, 97 Ala. 715, 12 So. 166; Harrison v. Hamner, 99 Ala. 603, 12 So. 917; Harbin v. O'Rear, 219 Ala. 173, 121 So. 547; Holloway et al. v. Burroughs &

Taylor Co., 4 Ala. App. 630, 58 So. 953; Campbell v. Byers, 6 Ala. App. 292, 60 So. 737); that the conditions and obligations of such bonds are liberally construed, if possible, to give effect and meaning to the reasonable operation and intention of the parties (Rains v. Ethridge-Atkins Motor Co., 221 Ala. 160, 127 So. 905); and that the duty of the sheriff in making a return on the replevy bond is ministerial and may be duly compelled, in a proper case, by mandamus (Garrett, Sheriff, v. Cobb, 199 Ala. 80, 82, 74 So. 226; Cooper & Co. v. Davis, 88 Ala. 569, 570, 7 So. 145; Jaffe v. Leatherman, 222 Ala. 326, 131 So. 902; Anderson v. Bellenger & Ralls, 87 Ala. 334, 6 So. 82, 4 L. R. A. 680, 13 Am. St. Rep. 46).

▆▆ It has long been the declared law of this state (Clarke v. Gary, 11 Ala. 98) that, so long as the return of a sheriff is permitted to remain, and is unamended, it must be taken as true, and it is not to be contradicted by the parties (Hensley v. Rose, 76 Ala. 373; McAbee v. Parker, 78 Ala. 573; Newcomb Bros. Wall Paper Co. v. Wiggins, 201 Ala. 551, 78 So. 905), unless it comes within the influence of the other rule that a defendant, against whom a judgment has been obtained without service of process, or notice, may apply to a proper court for relief, provided he has a defense to the action, which for want of notice he was not permitted to make (Gray v. Handy, 204 Ala. 559, 86 So. 548). It is further declared that a sheriff may be permitted to amend his return according to the truth of the matter, provided the rights of third parties have not intervened and are such as to prevent an amendment. Clarke v. Gary, 11 Ala. 98; Fowler v. Fowler, 220 Ala. 560, 126 So. 634; Palatine Ins. Co. v. Hill, 219 Ala. 123, 121 So. 412; Ingram, Probate Judge, v. Alabama Power Co., 201 Ala. 13, 75 So. 304. And the decisions are to the effect that such amendments may be "done in subsequent or other proceedings when the validity of the return is involved and the amendment relates back to the original date." Fowler v. Fowler, 220 Ala. 560, 126 So. 634, amendment of a return on lunacy proceedings; Jefferson County Savings Bank v. McDermott, 99 Ala. 79, 81, 10 So. 154, to the date of service of notice of bill in equity as affecting attachment; Wilson v. Strobach, 59 Ala. 488, 492, Daniels v. Hamilton, 52 Ala. 105, 108, and Niolin v. Hamner, 22 Ala. 578, to amend returns on executions; Governor, use, etc., v. Bancroft, 16 Ala. 605, to amend the return on an attachment writ; Leavitt v. Smith, 14 Ala. 279; and Smith v. Leavitts, 10 Ala. 92, to amend return on execution, and return that he retained the property by reason of claim bond given to try the right of property; Hodges v. Laird, 10 Ala. 678, to amend return on execution.

In Fleming v. Moore, 213 Ala. 592, 105 So. 679, the proceeding to set aside the sheriff's return of forfeiture on the replevy bond in attachment was held equitable in nature, and

that the return was only prima facie evidence against a stranger of the facts recited in such return. Ex parte Dayton Rubber Mfg. Co. (Dayton Rubber Mfg. Co. v. McCormack), 219 Ala. 482, 484, 122 So. 643. The authority to make and the nature and legal effect of a sheriff's amendment of return were recently considered as affecting the estate of one alleged to be and treated as a non compos mentis in Fowler v. Nash (Ala. Sup.) 144 So. 831;[1] Stewart v. Capital Fertilizer Co., 207 Ala. 596, 93 So. 641, return on summons and complaint; Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304, motion to set aside the return on the ground of failure to give notice or service as returned.

In Jefferson County Savings Bank v. McDermott, 99 Ala. 79, 81, 10 So. 154, 155, a just observation is made on the subject of amendment of a sheriff's return, which reads: "The practice in the courts of this state of granting leave to a sheriff to amend his return of process, so that it may conform to the facts, is well established and is approved. Wilson v. Strobach, 59 Ala. 488; Daniels v. Hamilton, 52 Ala. 105; 3 Brick. Dig. p. 745; 2 Brick. Dig. p. 456. A different question is presented when it is sought to compel the sheriff to change his return as to a matter of fact, or to have the court substitute its finding as to the facts of the service of process in the place of the officer's return. When the officer does not consent to the proposed correction, and the application is contested, a separate issue is presented for trial. It seems that the courts have regarded it as a matter of necessity to give credence to the official return of the service of process, in order to avoid the embarrassment of turning aside to try such collateral issues; and that a party who has been injured by a false return cannot dispute it in that case, but must seek redress by proceedings against the officer. Brown v. Turner, 11 Ala. 752; Crafts v. Dexter, 8 Ala. 767 [42 Am. Dec. 666]; Martin v. Barney, 20 Ala. 369; Boas v. Updegrove, 5 Pa. 516 [47 Am. Dec. 425]; Vastine v. Fury, 2 Serg. & R. [Pa.] 426; Bolles v. Bowen, 45 N. H. 124; 2 Freem. Ex'ns, §§ 358–369; Murphree, Sher. § 868."

The cases cited are, as we have indicated, different from the instant case where the amendment was voluntarily made by the succeeding sheriff. Here there was amendment of the return of nondelivery to plaintiff of the property in question held by the defendant by replevy bond, and the amendment of the return as now made, under the statute, has the effect of a judgment on which execution may issue for the alternate value fixed by the jury of the property for which suit was brought which resulted in judgment for plaintiff.

The rule declared in Gaut v. Beatty, 200 Ala. 654, 77 So. 28, and followed in Jaffe v.

Leatherman, 222 Ala. 326, 131 So. 902, and Harrison v. Hamner, 99 Ala. 603, 12 So. 917, is that the statute must be strictly followed in making the return on a forfeited bond, to authorize the summary judgment and execution thereon. Cobb v. Thompson, 87 Ala. 381, 6 So. 373; sections 7389, 7394, Code 1928. We do not find the right of amendment is different in the return permitted by the court, where the rights of third parties are not shown to have intervened, from that sanctioned in other cases. 57 C. J. p. 791, § 176, and cases collected.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

